### SEREDINSKI v. BALABAN.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—LABOR LAW—SLIPPING LADDER.

Labor Law (Consol. Laws, c. 31) § 18, provides that a person employing another in the painting of a building shall not cause to be furnished or erected therefor ladders which are not so constructed or placed as to give proper protection to the employés. *Held* that, where a ladder selected by plaintiff and his fellow servants in painting a house was safe, if properly placed, and plaintiff was injured by the slipping of the ladder, which he had himself placed, the master was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 177; Dec. Dig. § 116.*]

2. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—APPLIANCES—SELECTION.

Under Labor Law (Consol. Laws, c. 31) § 18, providing that a person employing or directing another to paint a house shall not cause to be furnished or erected any insufficient ladders, etc., a master, was not at fault if his servants engaged in painting a house selected a ladder from which plaintiff fell and was injured, where they should have used a scaffold.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 177; Dec. Dig. § 116.*]

Appeal from Trial Term, Westchester County.

Action by Leon Seredinski against Joseph Balaban. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

---

Argued before JENKS, BURR, THOMAS, RICH, and MIL-LER, JJ.

Louis B. Boudin, for appellant.

Alvin C. Cass, for respondent.

MILLER, J. This is a simple negligence case, servant against master. The plaintiff, a house painter, was in the employ of the defendant, a contractor. According to his evidence, he was sent with a fellow workman, one Rosen, from the city of New York to Yonkers to paint a house. The two went to the defendant's toolhouse and selected two ladders, a long and a short one, some scaffolding, and paint, which they took with them. Rosen worked with a brush; but the plaintiff says that he (Rosen) was foreman of the job and directed how it should be done. In the rear of the house to be painted was a one-story extension having a tin roof which slightly slanted. The plaintiff says that, by Rosen's direction, he set the long ladder on this roof, and got on it to paint the end of the house; that the bottom slipped, and he fell, receiving serious injuries. He says that he objected to using the ladder in that manner, insisting that he ought to have hooks or spikes in the bottom of the ladder to keep it from slipping, but that Rosen told him that it was safe, and that he (Rosen) would bring hooks the following day.

The questions discussed at length in the briefs, respecting the employer's liability act (Laws 1902, p. 1748, c. 600), seem to be aside from the case. Rosen's sole and principal duty was not that of superintendence. He worked with his hands, as the plaintiff did. Indeed, the respondent does not seek to support the judgment on the ground of Rosen's negligence, but asserts that he proved a violation of section 18 of the labor law (Consol. Laws, c. 31), which, so far as material to this case, provides as follows:

"A person employing or directing another to perform labor of any kind in the * * * painting of a house, building or structure shall not * * * cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are * * * not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

But the difficulty with that is that the plaintiff himself placed the ladder, and his act does not become that of his master because it was directed by a fellow servant. Properly used, the ladder was safe. Of course, it was not securely placed; but to hold the master liable for the plaintiff's own fault in placing it would certainly be an extension of the labor law beyond anything contemplated by its framers. The plaintiff and his fellow servant selected from the master's toolhouse such implements as they desired, and there is no question that those implements, properly used, were safe and suitable. The master was not at fault if they used a ladder, where they ought to have used a scaffold.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.