Fred Seyford, Appellant, *v.* Southern Pacific Company, Respondent.

Master and servant — action by injured employee — contributory negligence of plaintiff — effect of statute (Labor Law, as amd. by L. 1910, ch. 352, § 202-a) providing that contributory negligence shall be a defense to be "pleaded and proved by the defendant " — when contributory negligence question for the jury.

1. Since the addition to the Labor Law (Cons. Laws, ch. 31; amd., L. 1910, ch. 352, § 202-a) providing that the contributory negligence of an injured employee shall be a defense to be "pleaded and proved by the defendant," a plaintiff in an action to recover from his employer damages for negligence, arising out of and in course of his employment, has been relieved of the burden of proving affirmatively that his own negligence did not contribute to the accident, and his case should, when he has made out a *prima facie* case of defendant's negligence, be submitted to the jury, unless. it appears that the uncontradicted proof of his own negligence is so certain and convincing that no reasonable mind could reach the conclusion that he had been careful, and this is the rule even though a verdict in his favor would be set aside as against the weight of evidence.

2. Where plaintiff, an electrician, while working in a dark or dimly-lighted place in a steamship, with which he was not familiar, fell through an open hatch, or coal hole, to a deck below, thereby suffering the injuries for which this action is brought, it was a question of fact for the jury, subject to review by the court and the duty to order a new trial if the verdict was against the weight of evidence, whether the place was so dark as to render it dangerous, whether the condition of open hatches was sufficiently known to plaintiff to put him on his guard and whether on the facts plaintiff's fall was conclusively presumptive of negligence on his part. It was error, therefore, for the Appellate Division to reverse the judgment for plaintiff, entered on the verdict of the jury, and dismiss the complaint on the ground that plaintiff was guilty of contributory negligence as a matter of law.

*Seyford* v. *Southern Pacific Co.*, 159 App. Div. 870, reversed.

(Argued December 16, 1915; decided January 11, 1916.)

APPEAL from a judgment, entered January 31, 1914, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer.

The facts, so far so material, are stated in the opinion.

*Alton B. Parker* for appellant. Plaintiff was not guilty of contributory negligence. (*Eastland* v. *Clarke*, 165 N. Y. 420; *Boyle* v. *Degnon*, 47 App. Div. 311; *Tully* v. *N. Y. & T. Steamship Co.*, 10 App. Div. 463; 162 N. Y. 614; *Homer* v. *Everett*, 91 N. Y. 641; *Simone* v. *Kirk*, 173 N. Y. 7; *Dorney* v. *O'Neil*, 49 App. Div. 8; *Grimmelman* v. *Union Pacific Ry. Co.*, 70 N. W. Rep. 90; *Robinson* v. *Ocean S. S. Co.*, 162 App. Div. 159; *Best* v. *N. Y. C. & H. R. R. R. Co.*, 117 App. Div. 739; *Pepper* v. *Glass Bakery*, 155 App. Div. 859; *Heffron* v. *Lackawanna Steel Co.*, 121 App. Div. 35; 194 N. Y. 598.)

*J. Ard Haughwout* and *Everett J. Esselstyn* for respondent. The undisputed evidence showed conclusively that the plaintiff was guilty of contributory negligence. (*Rohrbacher* v. *Gillig*, 203 N. Y. 413; *Weller* v. *Con. Gas Co.*, 198 N. Y. 98; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Pattison* v. *Livingston Amusement Co.*, 156 App. Div. 368; *Brown* v. *A. O. Co.*, 165 App. Div. 702; *Stoutenberg* v. *Dunbar Box Co.*, 13 Wkly. Dig. 445; *McDonnell* v. *Ill. C. R. R. Co.*, 75 N. Y. 336; *The Nikolai*, 102 Fed. Rep. 174; *Fitzgerald* v. *Newton Falls Paper Co.*, 204 N. Y. 184; *The Saratoga*, 94 Fed. Rep. 221.)

POUND, J. At common law the rule has been repeatedly stated that the question of contributory negligence is ordinarily one of fact to be left to the jury, unless the

inferences to be drawn from the proof point irresistibly to the conclusion that plaintiff did not act with ordinary care and prudence under the circumstances. (*Eastland v. Clarke,* 165 N. Y. 420.)

This action is brought under the provisions of the Labor Law (Cons. Laws, ch. 31; L. 1910, ch. 352), section 202-a of which reads as follows: "On the trial of any action brought by an employee or his personal representative to recover damages for negligence arising out of and in the course of such employment, *contributory negligence of the injured employee shall be a defense to be* so pleaded and *proved by the defendant.*"

When the plaintiff had the burden of establishing his freedom from contributory negligence, the courts said that what a man of ordinary care and prudence would be likely to do under the circumstances proved is generally more or less a matter of conjecture to be settled by a jury. (*Bernhard* v. *Renss. & Sar. R. R. Co.,* 1 Abb. Ct. App. Dec. 131.)

Now that plaintiff has been relieved of the burden of proving affirmatively that his own negligence did not contribute to the accident, his case should, when he has made out a *prima facie* case of defendant's negligence, be submitted to the jury, unless it appears that the uncontradicted proof of his own negligence is so certain and convincing that no reasonable mind could reach the conclusion that he had been careful, even though a verdict in his favor would be set aside as against the weight of evidence.

Plaintiff was an electrician. While he was working for the defendant on the steamship *El Occidente* he fell through an open hatch or coal hole in the deck of a dark or dimly lighted coal bunker to the deck below and sustained serious injuries.

He complains that he was injured by reason of the negligence of defendant in putting him to work in a dark coal bunker where coal holes in the deck had been left

open and unguarded, without warning him and providing him with proper lights.

The question is whether defendant established its defense of plaintiff's contributory negligence as matter of law.

It is unnecessary to discuss the facts at length. The learned court below holds that he was on his own testimony inattentive and grossly careless and guilty of contributory negligence as matter of law, either because he did not notice that the hatch through which he fell was open, or because he failed to provide himself with sufficient light by lighting his candle or getting a lantern.

He was unfamiliar with the place where defendant set him to work and he had at the outset the right to presume that defendant had not been negligent in caring for his reasonable safety. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383.) He had no warning to look out for open hatches. His helper held a lighted candle about sixteen feet away and a lantern also served to light the deck. Unless his testimony is incredible as matter of law, he was unexperienced in reference to the location of hatches or coal holes in the interior of coal bunkers and particularly in this coal bunker. He had been about the coal bunker in the morning before the accident happened and observed that two of the hatches were open, but he had not observed the one through which he fell. He testified that on coming back to his work after lunch and on entering the coal bunker he walked slowly, looked at the floor, was very careful, that the dim light was sufficient for him to see his helper sixteen feet away, and the hole that he had seen in the morning; that in keeping away from the open hatch that he had seen in the morning he slipped or walked into an open hatch that he had not seen, four or five feet away from the other.

Was it so dark as to render it dangerous as matter of law for plaintiff to go from the entrance to his work without a lantern? Was the condition of open hatches

sufficiently well known to plaintiff to put him on his guard for unknown pitfalls at peril of certain disability to go to the jury in an action to recover damages if he fell into one? In brief, was the fall, under the circumstances, conclusively presumptive of negligence on his part?

I think that these questions were for the jury, subject to review and the duty of the court to order a new trial if the verdict is against the weight of the evidence (*Bassett* v. *Fish*, 75 N. Y. 303; *McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66), even though plaintiff testified that he did not know how he fell. (*Chisholm* v. *State of N. Y.*, 141 N. Y. 246, at p. 250.)

This is not a case where the situation is not dangerous (*Brugher* v. *Buchtenkirch*, 167 N. Y. 153), nor where a person walks heedlessly into a dark place with which he is unfamiliar without any good reason for so doing and without any reason to assume that the place is safe. (*Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224.)

Plaintiff was in the bunker on his employer's business. The jury had a right to find that there was a defect in the condition of the "way" because it was not adequately lighted or because the hatches were not adequately guarded. His narrative that he was not "walking in in the dark without looking where he was stepping" and that he used care is not incredible as matter of law under the circumstances.

The judgment should be reversed, with costs to appellant, and the case should be remitted to the Appellate Division for a consideration of the facts, under the rule in *Junkermann* v. *Tilyou Realty Co.* (213 N. Y. 404, at p. 410).

Willard Bartlett, Ch. J., Cuddeback, Hogan and Cardozo, JJ., concur; Chase and Collin, JJ., dissent.

Judgment accordingly.