WILLIAM A. STUART, Appellant, *v.* LAURA BURT COSTELLO, Also Known as LAURA BURT STANFORD, Respondent.

Second Department, March 2, 1923.

Master and servant — negligence — action under Labor Law, § 240, and Employers' Liability Law, § 2 et seq., to recover for personal injuries suffered by plaintiff while engaged in painting outside of defendant's house — ladder furnished him was safe but not long enough — plaintiff placed foot of ladder on table and while he was standing on ladder table tipped over and he fell — plaintiff was guilty of contributory negligence as matter of law.

In an action under section 240 of the Labor Law and section 2 *et seq.* of the Employers' Liability Law to recover for personal injuries suffered by the plaintiff it must be held, as a matter of law, that he was guilty of contributory negligence, where it appears that at the time of the accident he was working for the defendant by the day and was engaged in painting the outside of a house; that the defendant furnished him with a safe ladder on which to work but it was not long enough; that the plaintiff placed a table, which was about four feet long,

three feet wide and one foot and a half high, near the house and then put the foot of the ladder on the table at about the center of it but without fastening either the ladder or the table; and that he ascended the ladder and while standing on the second rung from the top, about to begin work, the table tipped over and the ladder fell, throwing him to the ground.

KAPPER, J., dissents.

APPEAL by the plaintiff, William A. Stuart, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 29th day of June, 1922, upon the dismissal of the complaint on the merits at the close of the plaintiff's case.

*E. C. Sherwood* [*Joseph B. Handy* with him on the brief], for the appellant.

*Bertram G. Eadie,* for the respondent.

YOUNG, J.:

The action is for damages for personal injuries sustained on March 1, 1922, and is brought under the provisions of section 240 of the Labor Law (Consol. Laws, chap. 31; Laws of 1921, chap. 50) and section 2 *et seq.* of the Employers' Liability Law (Consol. Laws, chap. 74; Laws of 1921, chap. 121).

The plaintiff was employed by the defendant by the day to do some work on the defendant's residence, a two-story cottage on Highland avenue, Great Kills, S. I., for which the defendant agreed to pay him at the rate of five dollars a day. At first he worked inside the house, washing woodwork and the like, and then began to paint the outside of the house, intending to give it one coat of paint. The defendant furnished the materials as well as the tools and appliances. Though some of the dealings were direct between plaintiff and defendant, in the main the defendant was represented by her brother, Mr. Burt, who looked after the actual providing of the materials and appliances, mixed the paints, and superintended the work

In connection with the outside work a ladder was required, and the defendant had none. When plaintiff asked for a ladder, the defendant's brother said that he knew where one could be had which was long enough to use in taking down the blinds and touching up the bare spots. The ladder which he referred to belonged to someone living on Amboy road, and Mr. Burt told the plaintiff that if he would go and get this ladder from the woman who owned it (whom the plaintiff had never seen) he would give the plaintiff a good cigar. The plaintiff went and got the ladder as directed. It was an extension ladder, about sixteen or eighteen feet long.

After the spotting up and removal of the blinds it became necessary to reach higher than this ladder would permit, and when the plaintiff spoke to Mr. Burt about it, the latter promised to get a ladder from Mr. Snackenberg, the grocer in the village. But later when the plaintiff needed the longer ladder and again spoke to Mr. Burt, his reply was that he had been down to see Mr. Snackenberg and found that the ladder had been loaned to someone else and that the plaintiff would have to use the ladder that he had and get along the best he could with it.

The plaintiff accordingly got a table which was standing under the grape arbor back of the house and placed the ladder on the table. He described the table as a sturdy, outdoor table. He estimated its size as about four feet long by three feet wide and about a foot and a half high.

He placed the table near the house and then put the foot of the ladder on the table at about the center of it. He extended the ladder, so that the two parts of it lapped over each other for a space of about two or three rungs, which was as far as he dared extend it. There is no evidence that defendant knew of this use of the ladder.

Shortly before going upon the ladder on the occasion when he received his injury, the plaintiff had placed a box upon the table and the ladder upon the box; he had then gone upon the ladder and after doing some painting had come down safely. It then being necessary for him to paint at another point not so high from the ground, he shifted the table and ladder and laid aside the box, placing the ladder directly upon the table. He then ascended the ladder to about the second rung from the top and was just starting to paint the side of the house at a point in front of him when the table tipped over and the ladder fell. He fell with it, fracturing both bones of the left leg between the knee and the ankle.

At the close of the plaintiff's case the court dismissed the complaint upon the merits upon the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The Labor Law of 1921 contains the following provision:

" § 240. Safe scaffolding required for use of employees. 1. A person employing or directing another to perform labor of any kind in the erection, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other mechanical contrivances which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed."

The source of this provision is section 18 of the former Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as amd. by Laws of 1911, chap. 693). Under this provision, I think there can be no doubt that the defendant rested under an absolute duty to furnish the plaintiff with a ladder suitable and proper for painting the outside of the house. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Ross* v. *D., L. & W. R. R. Co.*, 231 id. 335.)

If the defendant failed to comply with the statute in this respect, she was negligent as a matter of law, and if such negligence was the proximate cause of the injury she would be responsible unless the plaintiff was guilty of contributory negligence. (*Karpeles* v. *Heine*, 227 N. Y. 74; *Maloney* v. *Cunard Steamship Co.*, 217 id. 278.)

The Court of Appeals has held that while the defense of assumption of risk is swept away by the provisions of section 202 of the Labor Law of 1909 (as amd. by Laws of 1910, chap. 352), known as the Employers' Liability Act, which is now section 4 of the Employers' Liability Law of 1921, with certain exceptions which do not apply in the present case, contributory negligence is still a defense. (*Amberg* v. *Kinley*, *Karpeles* v. *Heine*, and *Maloney* v. *Cunard Steamship Co.*, *supra*.)

In the *Maloney* case, Judge CARDOZO, distinguishing between assumption of risk and contributory negligence, stated (at p. 283): " Contributory negligence, therefore, is not to be inferred from the mere use by the servant of the very appliance which the master has furnished for his use. Of course, though the appliance may be defective, the servant must use it carefully. He must not by inattention aggravate the danger. In brief, the *manner* of the use may involve contributory negligence."

We thus come to the question to be decided. Was the plaintiff in the present case guilty of contributory negligence when he placed the ladder upon the table and then mounted it to paint the side of the house? I am inclined to the opinion that he was as a matter of law. There are many decided cases brought under the Labor Law as it existed prior to 1921 to the effect that a servant personally assisting in the erection of a defective scaffolding could not recover for injuries caused him by a fall from such scaffolding.

Apparently, however, they rest upon the theory that the employee assumed the risk and that defense is now swept away by the amendment of the Labor Law referred to as now contained in the Employers' Liability Law of 1921.

The only ladder case at all similar to the present case that I have seen is *Seredinski* v. *Balaban* (136 App. Div. 20), where Mr. Justice MILLER wrote the opinion for this court. It was there held that

where a ladder furnished by the master and selected by his employee was safe, the master could not be held for a violation of section 18 of the Labor Law of 1897 because the ladder slipped when the employee mounted it, if he himself placed it in position. In that case, Mr. Justice MILLER said (at p. 22): " Properly used, the ladder was safe. Of course, it was not securely placed, but to hold the master liable for the plaintiff's own fault in placing it would certainly be an extension of the Labor Law beyond anything contemplated by its framers." This case does not appear to have been cited or referred to in any subsequent decision. It seems evident that the plaintiff was injured because of the manner in which he used the ladder. He placed it upon the table without fastening it with nails or blocks to prevent its slipping, which he could have done readily. He likewise failed to secure the table to prevent its overturning, and it seems to me that it was his own carelessness in the use of the ladder, which was not defective but only too short for the work, that brought about his injuries. The facts are undisputed and I think plaintiff's negligence is so certain that the trial justice was not required to submit the case to the jury. (*Seyford* v. *Southern Pacific Co.*, 216 N. Y. 613.)

I, therefore, advise that the judgment be affirmed, with costs.

KELLY, P. J., JAYCOX and KELBY, JJ., concur; KAPPER, J., dissents and votes for reversal upon the ground that the question of contributory negligence should have been submitted to the jury.

Judgment affirmed, with costs.