■ PAOLO PESCE et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. ARTHUR TICKLE ENGINEER WORKS, INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff City of New York and the third-party defendant Arthur Tickle Engineer Works, Inc., separately appeal from an order of the Supreme Court, Kings County (Rader, J.), dated August 12, 1987, which, *inter alia,* upon a jury verdict determining the issue of liability in favor of the plaintiffs and apportioning liability at 10% against the city and 90% against Arthur Tickle Engineer Works, Inc., and the denial of each of their respective motions for judgment during trial *(see,* CPLR 4401) and to set aside the verdict as contrary to law and against the weight of the evidence *(see,* CPLR 4404 [a]), ordered that the Clerk of the Supreme Court enter an interlocutory judgment for the plaintiffs on the issue of liability.

Ordered that the order is reversed, on the law, and a new trial is ordered on the issue of liability, with costs to abide the event.

The plaintiff Paolo Pesce was employed as a mechanic for the third-party defendant Arthur Tickle Engineer Works, Inc. (hereinafter Arthur Tickle), a company engaged in the business of repairing steel containers used to ship goods overseas. At approximately 4:00 P.M., on January 3, 1980, the foreman for Arthur Tickle, Juan Eleoterio, directed his employee Frank Luchetto to transport metal lockers on a so-called hi-lo vehicle to the Arthur Tickle yard located on Commerce Street in Brooklyn. Eleoterio instructed Luchetto and other Arthur Tickle workers to lay plywood on the hi-lo first and to then place the lockers on their sides on top of the plywood. Eleoterio then ordered Pesce to stand on top of the hi-lo and to hold the lockers steady with his hand. As Luchetto drove the vehicle down Richards Street, a roadway owned and operated by the defendant City of New York, at a speed of approximately 3 to 5 miles per hour, the vehicle hit a pothole which had been in the street for over a year. When Luchetto slammed on his brakes, Pesce fell to the ground with the lockers falling on top of him.

Pesce and his wife commenced this action against the City of New York, which then brought a third-party action against Arthur Tickle. Following a trial of the action, the City was found to be 10% at fault in the happening of the accident while Arthur Tickle was held to be 90% at fault. The jury further determined that the plaintiff was not contributorily negligent.

The city and Arthur Tickle claim that any negligence on the part of the city in failing to repair the pothole was severed by the unforeseeable negligent conduct of Pesce, who agreed to hold unsecured lockers while standing atop a hi-lo as it drove along a public street. They therefore claim that the plaintiffs failed to prove that the city's alleged negligence was a proximate cause of Pesce's injuries. We disagree.

"The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered, fiscal practicality and a host of other criteria (see, generally, Liability of Governmental Entity or Public Officer for Personal Injury or Damages Arising out of Vehicular Accident Due to Negligent or Defective Design of a Highway, Ann., 45 ALR3d 875, and cases cited therein; cf., *Weiss v Fote,* 7 NY2d 579)." *(Tomassi v Town of Union,* 46 NY2d 91, 97.)* Liability will attach when the governmental agency responsible for maintaining the street had actual or constructive

notice of a dangerous condition *(see, Harris v Village of E. Hills,* 41 NY2d 446) and then failed to take reasonable measures to correct the condition *(see, Brooks v New York State Thruway Auth.,* 73 AD2d 767, *affd* 51 NY2d 892; *Rinaldi v State of New York,* 49 AD2d 361).

Since a prima facie case of negligence was established, it was for the finder of fact to determine causation *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, *rearg denied* 52 NY2d 784). Moreover, the question of whether any intervening act of the plaintiff was extraordinary under the circumstances or independent of or far removed from the defendants' conduct was also a question of fact for the jury to resolve *(see, Derdiarian v Felix Contr. Corp., supra; Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Cohen v Hallmark Cards,* 45 NY2d 493). Therefore, the Supreme Court did not abuse its discretion in denying the respective motions of the city and Arthur Tickle for judgment during trial *(see,* CPLR 4401) and to set aside the jury verdict *(see,* CPLR 4404 [a]). Although the evidence adduced at trial indicated that the lockers were not secured on January 3, 1980, and, although the plaintiff did not complain about the dangerous condition to his supervisor, Eleoterio, or to his union representative, such evidence does not change the fact that questions of negligence and contributory negligence were for the jury's determination *(Donohue v East Riv. Mill & Lbr. Co.,* 224 NY 149).

However, we find that the trial court's charge with respect to the risk assumed by the plaintiff under the direction of his superior requires a new trial of this action. The court charged initially that: "When a person in the capacity of a superior assumes control over a workman on a job and directs him to proceed under circumstances recognizable as dangerous, the subordinate workman has little if any choice in the matter but to obey it, and if he stays within the limits of the superior's instructions and is injured, he may not be penalized by a claim of contributory negligence as a matter of law."

Although this language in effect tracked the language employed by the Court of Appeals in the leading case of *Broderick v Cauldwell-Wingate Co.* (301 NY 182), the Court of Appeals stated that when the issue of a plaintiff's contributory negligence survives a challenge to the plaintiff's proof of a prima facie case, the issue remains a question of fact for the jury's resolution. The trial court's instruction to the jurors in the instant case, that they must not find the plaintiff contributorily negligent as a matter of law was, therefore, erroneous.

The trial court thereafter charged the jury on the issue of

the plaintiff's contributory negligence in accordance with PJI 2:56 and correctly instructed the jurors that it was their role to determine whether the plaintiff acted reasonably under all the circumstances. The confusion continued, however, when the trial court, in response to defense counsels' objections to the charge provided, reinstructed the jury that "[a] person placed in the dilemma of abandoning the reasonable course of his work or assuming a risk will not be charged with contributory negligence as a *matter of law* if he adopts the latter alternative" (emphasis added).

"It is well settled that a charge that confuses and creates doubt as to the principles of law to be applied requires a new trial *(see, Biener v City of New York,* 47 AD2d 520)" *(Carelli v Demoro-Grafferi,* 121 AD2d 673, 674). Accordingly, the matter is remitted to the Supreme Court for a new trial.

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.