■ JOHN J. PEREZ, Respondent-Appellant, v CITY OF PEEKSKILL, Appellant-Respondent, et al., Defendant. [624 NYS2d 639] —In a negligence action to recover damages for personal injuries, (1) the defendant City of Peekskill appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), dated October 14, 1993, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion to strike the City of Peekskill's third affirmative defense.

Ordered that the order is affirmed, insofar as appealed and cross-appealed from, without costs or disbursements.

The top of the van in which the plaintiff was a passenger became stuck on a steel girder that formed part of the roof of a municipal parking lot owned by the defendant City of Peekskill (hereinafter the City). The plaintiff caught his head between the van and the girder when he stood on the rear bumper of the van and tried to dislodge it from the roof. The plaintiff brought a negligence action against the City alleging, inter alia, that the City had failed to properly maintain, design, and construct the parking lot.

The Supreme Court correctly held that the question of whether the plaintiff's conduct in trying to dislodge the van constituted a superseding cause that absolved the City from liability should be resolved by the trier of fact (see generally, Lynch v Bay Ridge Obstetrical & Gynecological Assocs., 72 NY2d 632, 636-637; Billsborrow v Dow Chem., 177 AD2d 7, 17; Pesce v City of New York, 147 AD2d 537, 539).

The plaintiff's motion to strike the City's third affirmative defense, i.e., that the limitations of CPLR article 16 apply to this action, was properly denied. Contrary to the plaintiff's contention, the nondelegable duty exception to the limitations of CPLR article 16 (CPLR 1602 [2] [iv]) does not apply insofar as the plaintiff alleges that the City had a nondelegable duty

with respect to the design and construction of the parking lot. The record reflects that the City did not take title to the parking lot until after the lot had already been built. Moreover, the plaintiff has not alleged that the City was involved in the lot's construction or design. Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.