CELIA J. DONAHUE, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Upon a claim filed against the state for damages for injuries received from a fall into a feeder of the Champlain canal, the following facts appeared: The feeder was constructed many years ago by the state. It was covered by timbers and planks upon which earth is laid, and for more than twenty years the public have used this covering as a highway in the city of C., but it has never been laid out as a highway or street by virtue of any municipal or other authority. The timbers, in consequence of decay, gave way while claimant was passing and she fell through into the feeder. She had lived for many years opposite the place of the accident and was familiar with the condition and manner of the construction of the feeder, its uses and manner of operation. Nothing was awarded. *Held,* no error; that a legal dedication of the land as a public highway could not be inferred on the theory of prescription, as that must depend upon a supposed grant, and a grant may not be presumed where it would have been unlawful; that the land being the property of the state could never have become the subject of any grant for the purpose of a public highway; also, that the state owed no duty of active vigilance to any persons upon the lands for their own convenience.

(Argued December 13, 1888; decided January 15, 1889.)

APPEAL from award of the Board of Claims made June 16, 1887, which allowed nothing to the claimant upon a claim for

injuries received by falling into a feeder of the Champlain canal in the city of Cohoes.

The material facts are stated in the opinion.

*P. D. Niver* for appellant.   The *locus in quo* having been used and occupied as such for more than twenty years is a public highway.   (2 R. S. [5th ed.] 405, § 135; *Porter* v. *Village of Attica,* 20 N. Y. Week. Dig. 224.)   The acquiescence of the state for so long a time in the public use of the street amounted to a license or permission, and imposed a duty upon the state to exercise reasonable care for the protection of persons passing over it.   (*Barry* v. *N. Y. C. & H. R. R. R. Co.,* 92 N. Y. 289.)   The state is liable the same as an individual.   (Laws of 1870, chap. 321; Laws of 1883, chap. 205; *Sipple* v. *New York,* 99 N. Y. 284.)   The claimant had a lawful right to be where she was, on this public highway, and the state had no right to construct and maintain beneath the surface a man-trap for her destruction or injury.   (*Camp* v. *Wood,* 76 N. Y. 92; *McGuire* v. *Spence,* 91 id. 303; *City of Cohoes* v. *Morrison,* 25 Week. Dig. 353.)   The state should have discovered and repaired the coping of the feeder.   (*Ryan* v. *Fowler,* 24 N. Y. 410; *Painton* v. *R. R. Co.,* 83 id. 7; *Rehberg* v. *Mayor, etc.,* 91 id. 137, 141.)   The state owed the duty of active vigilance to this claimant, to see that this feeder, hidden under the ground, was kept in proper repair.   (*Nicholson* v. *E. R. Co.,* 41 N Y. 259; *Sutton* v. *H. R. R. R. Co.,* 66 id. 243; *Larmore* v. *Crown Point Iron Co.,* 101 id. 391; *Barry* v. *N. Y. C. & H. R. R. R. Co.,* 92 N. Y. 289; *McCarthy* v. *City of Syracuse,* 46 id. 194; *Irving* v. *Wood,* 51 id. 229; *Clifford* v. *Dam,* 81 id. 52.)

*Chas. F. Tabor,* attorney-general, for respondent.   Claimant was a mere licensee, and the state did not owe her any active legal duty to protect her while upon the land of the state.   Though bound to refrain from willfully injuring her, it was not charged with a duty to protect her from injury.   (*Splitorff* v. *State,* 108 N. Y. 205: *Larmore* v. *C. P. I. Co.,*

101 id. 394; *Nicholson* v. *E. R. Co.*, 41 id. 529; *Sutton* v. *N. Y. C. R. R. Co.*, 66 id. 248; *Converse* v. *Walker*, 30 Hun, 596.) There could not be a dedication of the land by the state, because no prescriptive right could be acquired in the premises to use the same as a highway. (Constitution, art. 7, § 6; *Burbank* v. *Fay*, 5 Lans., 397; 65 N. Y. 51; *Newcombe* v. *Newcombe*, 12 id. 603; *Bliss* v. *Johnson*, 94 id. 241.) The towpath of the canal at many points is used as a highway, but such user does not make it a highway and impose upon the state any duty to maintain the same for the benefit of the public. (*Carpenter* v. *Cohoes*, 81 N. Y. 21; *Veeder* v. *Little Falls*, 100 id. 343.) There was no proof in the case of a dedication of the premises to the public use as a highway or of any acceptance of same. (*City of Oswego* v. *O. C. Co.*, 6 N. Y. 257; *Camp* v. *Wood*, 76 id. 92; *McQuire* v. *Spence*, 91 id. 303.) The claimant having been familiar for a long time with the *locus in quo*, was not to be presumed ignorant of the danger which she incurred by going on the property of the state; if she heedlessly and voluntarily exposed herself to peril, she must suffer the consequences. (*Lanigan* v. *N. Y. G. Co.*, 71 N. Y. 29; *Palmer* v. *Deering*, 93 id. 7; *Weed* v. *Village of Ballston*, 76 id. 329; *Niver* v. *City of Rochester*, Id. 619; *Bassett* v. *Fish*, 75 id. 303.) There was no absolute undertaking or guaranty upon the part of the state that the feeder should, at all times and under all circumstances, be in proper condition. (*Hicks* v. *Chaffee*, 13 Hun, 293; *Warner* v. *E. R. Co.*, 39 N. Y. 468; *Ruggles* v. *Town of Nevada*, 18 N. W. Rep. 866.)

GRAY, J. The appellant filed a claim against the state for personal injuries, received from a fall into a feeder of the Champlain canal running through Cohoes. This feeder had been constructed by the state many years ago, and runs from the Mohawk river, until it empties into the canal; along side of which it runs for some one hundred and eighty feet. It is covered with timbers and planks, upon which earth is laid to the depth of several feet. These timbers, in consequence of

decay, gave way and the claimant fell through into the feeder. Its surface has been made use of for more than twenty years by the public as a highway, and it is known as Champlain street in Cohoes; but it was never laid out as a street or highway, by virtue of any municipal or other authority. The appellant bases her claim to recover against the state on various grounds. She says that there was a user of the land for more than twenty years, which constituted it a public highway, and that, from acquiescence by the state in such a public use, there was imposed upon it a duty of vigilance as to its condition and as to the exercise of reasonable care for the protection of persons passing over it.

In awarding nothing to the claimant we think the Board of Claims committed no error. Upon the trial it was conceded that no highway had ever been laid out at that point, and we think a legal dedication of the land as a public highway cannot be inferred  It could not be inferred on the theory of prescription, because that would depend upon a supposed grant, and a grant cannot be presumed where it would have been unlawful. (*Burbank* v. *Fay*, 65 N. Y. 57.) The land in question was the property of the state, and, as such, was appropriated for. the use described as a feeder to the canal, and never could have become the subject of any grant for the purpose of a public highway. The most that can be said in favor of appellant's contention is that the state suffered the use of this strip of its canal for purposes of passage over or upon it; but it was merely by sufferance that it was so used, and not by any agreement or permission. Nor did the state owe any active legal duty to protect those who so made use of its land. It owed a duty to abstain from injuring the plaintiff, either carelessly or intentionally; but it owed her no duty of active vigilance to see that she was not injured, while upon the land for her own convenience. (*Splittorf* v. *State*, 108 N. Y. 214.)

The commissioners found as facts that the claimant had lived for many years nearly opposite the place where she was

injured and was familiar with the condition and manner of construction of the feeder and with its uses and mode of operation. This finding was warranted by the evidence and we are concluded by it. These circumstances in the case operated further to relieve the state from any claim for the consequences of plaintiff's use of its land and charged her with knowledge of its nature, uses and condition.

The award of the Board of Claims should be affirmed, with costs.

All concur, except ANDREWS, EARL and PECKHAM, JJ., dissenting.

Award affirmed.