WINIFRED FISCHER, as Administratrix, etc., of HERMAN H. FISCHER, Deceased, Respondent, *v.* THE AMITY HARBOR CORPORATION, a Domestic Corporation, Appellant, Impleaded with STEWART HARBOR CORPORATION, a Domestic Corporation, Defendant.

Second Department, December 19, 1932.

*Robert H. Charlton* [*Arthur L. Burchell* with him on the brief], for the appellant.

*Thomas A. Shaw* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondent.

PER CURIAM. The decedent, with others, came upon the property of the defendant and proceeded to the beach to go in bathing. Testimony on the part of plaintiff indicates that their course of action was prompted by signs on the highway giving notice of a bathing beach. It was while the decedent was in bathing that he was drowned in a channel excavated by appellant, which led from the waters of Great South bay into its lands where there was a harbor for yachts and other small boats. It appears in the record without dispute that this channel was built by permission of the Secretary of War and of the town authorities; and besides improving the owner's property it seems to have furnished some aid to navigation. The complaint alleges that the channel was a nuisance, but the evidence does not support plaintiff's position in that respect, for it was legally authorized. It was chiefly on the theory that the channel was a nuisance that plaintiff had a judgment in her favor for damages caused by the alleged wrongful act of defendant resulting in the death of her intestate.

Although there was no amendment of the complaint, on the trial some facts were shown indicating that defendant was negligent in failing to give notice to bathers of the dangers of deep water in the channel. The plaintiff claimed that the decedent was an invitee on the defendant's property. It appears that he came there for his own pleasure and convenience and with no purpose of benefit to defendant, which was engaged in the development of real estate and the sale of lots but did not offer bathing facilities to the public for compensation. There was no mutuality of interest between the parties in the subject to which the business of the defendant related; and decedent did not come to the premises for a purpose connected with the business in which the defendant was engaged. The testimony to the effect that he was an express invitee is against the weight of the evidence and the probabilities. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86, 91; *Vaughan* v. *Transit Development Co.*, 222 id. 79, 82; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 id. 240; *Plummer* v. *Dill*, 156 Mass. 426.) Unless invited or permitted by

license, the decedent had no right to cross the private lands of defendant for the purpose of enjoying his right as one of the public to use the foreshore and bathe in the waters of the bay. (Farnham Waters, p. 654; *Coolidge* v. *Williams*, 4 Mass. 139, 144; *Ledyard* v. *Ten Eyck*, 36 Barb. 102; *Murphy* v. *City of Brooklyn*, 98 N. Y. 642, 644; *Tiffany* v. *Town of Oyster Bay*, 234 id. 15, 23.) (See, also, Gould Waters [2d ed.], § 104; 53 A. L. R. 1191 *et seq.*) If decedent came as a licensee, the defendant owed him no duty except to refrain from injuring him through some wanton act or by active negligence. (*Cusick* v. *Adams*, 115 N. Y. 55; *Murphy* v. *Broadway Improvement Co.*, 189 App. Div. 692.)

It may be that plaintiff may make further proof of an express or implied invitation, thereby casting on the defendant the duty of exercising reasonable care; therefore, in reversing, a majority of the court favors a new trial.

The judgment should be reversed on the law and the facts and a new trial granted, costs to abide the event.

LAZANSKY, P. J., CARSWELL and DAVIS, JJ., concur; KAPPER and HAGARTY, JJ., concur for reversal but dissent from that part of the decision which grants a new trial, and vote to dismiss the complaint, on the ground that decedent was at best a licensee, to whom no affirmative duty was owing by the appellant.

Judgment reversed on the law and the facts and a new trial granted, costs to abide the event.