ELJER COMPANY, Appellant, v. JOSEPH SPRIESCH, Respondent.— Motion for reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Crosby, P. J., Cunningham, Taylor and McCurn, JJ.

In the Matter of the Petition of BESSIE CARLIN RUDOLPH.— Petition dismissed upon the ground that the facts stated are insufficient to warrant action thereon. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

## (March 25, 1942.)

GEORGE WALLACE REALTY CORPORATION, Respondent, v. MARGARET KRONKE, Appellant.— Order affirmed, without costs of this appeal to either party. Memorandum: While we affirm the order, it is still a question of fact for the trial court to determine when the last item of material was furnished and when the last item of service was performed. All concur. (The order amends plaintiff's lien nunc pro tunc and permits plaintiff to amend its complaint in an action to foreclose a mechanic's lien.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ARTHUR J. COHEN, Doing Business under the Firm Name and Style of BROTHERS' QUALITY CLOTHING COMPANY, Appellant, v. ARTHUR KOEGLER, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur, except Harris, J., who dissents and votes for reversal of the order of the Special Term and the order of the Buffalo City Court and denial of the motion in the Buffalo City Court on the grounds (1) that there is shown no consideration for the alleged compromise and (2) that the court had no power or jurisdiction to entertain or make disposition of the motion. (Buffalo City Court Act [Laws of 1909, chap. 570], § 20, as amd.) (The order affirms an order of the Buffalo City Court canceling and satisfying a default judgment taken against defendant.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MITCHELL MILES, Appellant, and MARSHALL MILES, ALBERT PETE CRAIG and HAROLD ROBINSON, Defendants.— Judgment of conviction and orders affirmed. All concur. (The judgment convicts defendant Mitchell Miles of contriving, drawing and assisting in a lottery. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BEATRICE MASON, Appellant, v. CECILIA D. PATTEN, Superintendent of the Albion State Training School, Albion, N. Y., Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of ANN SARDELLA, Respondent, v. SAMUEL CHIRUMBLO, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (The order directs defendant to contribute to the support of an infant child in a filiation proceeding.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JOSEPH ROTH, as Administrator, etc., of JEAN ROTH, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25302.) — Judgment affirmed, with costs. All concur, except Crosby, P. J., and Taylor, J., who dissent

and vote for reversal and for dismissal of the claim on the grounds as a matter of law there was no negligence upon the part of the State; as matter of law decedent was guilty of contributory negligence; and, in any event, decedent was at most a bare licensee. (The judgment awards damages for the death of claimant's intestate resulting by reason of dangerous condition of swimming beach.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JOHN J. MURPHY and Another, as Administrators, etc., of MARY ELIZABETH MURPHY, Deceased, Respondents, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25303.) — Judgment affirmed, with costs. All concur, except Crosby, P. J., and Taylor, J., who dissent and vote for reversal and for dismissal of the claim on the grounds as a matter of law there was no negligence upon the part of the State; as matter of law decedent was guilty of contributory negligence; and, in any event, decedent was at most a bare licensee. (The judgment awards damages for the death of claimant's intestate resulting by reason of dangerous condition of swimming beach.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Judicial Settlement of the Accounts of CHARLES A. WHITE, as Administrator, etc., of DEWITT CRITTENDEN, Deceased. BESSIE CRITTENDEN WATKINS, Appellant; ATLAS TILFORD and Others, Respondents.— Decree reversed on the law, without costs of this appeal to any party, and a new trial granted. Memorandum: The burden of establishing abandonment rests upon the administrator. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583; *Matter of Rechtschaffen*, 278 N. Y. 336.) The abandonment contemplated by subdivision (d) of section 87 of the Decedent Estate Law is such an abandonment as would be sufficient under section 1161 of the Civil Practice Act to maintain a judgment for separation on that specific ground. It does not appear from the record before us that the judgment of separation was based upon an abandonment. There was no other evidence offered. There is not sufficient evidence in the record to support a finding of abandonment. All concur. (The decree denies distribution of decedent's estate to his widow in a proceeding to settle the accounts of an administrator.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of LOUIS J. MARASCO, Appellant, for an Order against FRANK E. MORSE, Acting Superintendent of the State Agricultural and Industrial School at Industry, New York, and Others, Respondents.— Orders affirmed, without costs. All concur, except Harris, J., who dissents and votes for reversal and granting the application on the ground that the appointment of petitioner after the establishment of an eligible list was in the nature of a permanent promotion. (See *Matter of Rasmussen*, 262 App. Div. 815; *Matter of Graae* v. *Ahern*, 258 id. 686; *Matter of Hilsenrad*, 284 N. Y. 445.) (One order dismisses the petition and the other order denies a motion to vacate the dismissal and for a reargument, in a proceeding to compel reinstatement of petitioner to his position at the State School at Industry and for a reargument of the matter.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

ANNIE BELLE BENNETT, as Administratrix, etc., of JESSE CLARENCE JONES, Deceased, Appellant, Respondent, v. CHEMO COMPANY, Respondent, Appellant.— Order dated April 4, 1941, made on the plaintiff's motion to examine the defendant, modified by striking from paragraph (4) of the notice of motion the words " as well as how it was used and how it was stored." Order dated April 4, 1941,