Louis Parry, Claimant, *v.* State of New York, Defendant.
(Claim No. 26212.)

Mack Troilo, Claimant, *v.* State of New York, Defendant.
(Claim No. 26213.)

Court of Claims, January 24, 1945.

*G. Edward LaGatta* and *William J. Powers, Jr.*, for claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Joseph A. Drago* of counsel), for defendant.

BARRETT, P. J. The facts, which are substantially not in dispute, are set forth in detail in the accompanying decisions and need not be repeated here.

There is no evidence that the State invited the public on its premises. At best, claimants were bare licensees, to whom the State owed only the duty of refraining from affirmative acts of negligence and from intentionally or wantonly injuring them. They took the premises as they found them. (*Fox* v. *Warner-Quinlan Asphalt Co.,* 204 N. Y. 240. See, also, *Donahue* v. *State of New York,* 112 N. Y. 142; *Panunzio* v. *State of New York,* 28 N. Y. S. 2d 927, affd. 266 App. Div. 9, affd. 292 N. Y. 625; *Kleinberg* v. *Schween,* 134 App. Div. 493, affd. 198 N. Y. 619; *Bennett* v. *City of Mount Vernon,* 243 App. Div. 119.)

*Roth* v. *State of New York* (262 App. Div. 370; 263 App. Div. 1062, affd. 289 N. Y. 726) is distinguishable. Oneida Lake involved in that case was a navigable lake and the State held title to it in trust for the people. The public, including claimants' intestates, had a right to swim therein or otherwise enjoy its waters. (*Granger* v. *City of Canandaigua,* 257 N. Y. 126.) Therefore, in that case, claimant's intestate was in the position of an invitee and not a licensee. The court there held that the State owed a duty to exercise or safeguard claimant's intestate while she was in the lake, where she had a right to be. In this case the State owned Delta Lake, an artificial reservoir, in its proprietary capacity. The lake and the State lands adjoining it were not a public park. Claimants had no right thereon and were therefore, at best licensees. As licensees, claimants as before stated, took the premises as they found them. *Kittle* v. *State of New York* (245 App. Div. 401, affd. 272 N. Y. 420) is distinguishable in that the place at which the accident occurred was a State park to which the public was expressly invited.

*Beck* v. *Carter* (68 N. Y. 283) is distinguished in *Fox* v. *Warner-Quinlan Asphalt Co.* (204 N. Y. 240, 244, *supra*) upon the ground that the plaintiff therein was in effect an invitee.

An award cannot be based upon claimant's contention that the extension of the pit into the road constituted a snare or trap because it allegedly could not be seen until it was too late to prevent an accident. Apparently, the pit itself was visible before this point was reached. However, the accident in *Fox* v. *Warner-Quinlan Asphalt Co.* (*supra*), occurred at night when the pit could not have been seen, and that case and this case are not distinguishable upon that ground.

Claimant Parry carried collision insurance. His damages were $299.20 of which the insurance company paid $235, leaving a balance of $64.20. Testimony offered by the State as to this payment was admitted without objection. Claimant may recover his entire damages despite the fact that he has received part payment thereof from the insurance carrier. (*Henderson* v. *Park Central Motors Service,* 138 Misc. 183.) The State's remedy was by motion to compel an amendment to the claim by adding the insurance company as a party claimant. (*Sisson* v. *Hassett,* 155 Misc. 667.) The motion by the State to dismiss the claim upon the ground that a part payment was made by the insurance company, decision upon which motion was reserved, is denied. The State's motion to strike out the testimony of the witness Sterling, decision upon which motion was reserved, is also denied.

The claims must be dismissed upon the merits.