EMMA TUERCK, as Administratrix of the Estate of RICHARD TUERCK, Deceased, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 27467.)

Court of Claims, June 26, 1947.

*Samuel L. Greenberg* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Arthur W. Mattson* and *Edward R. Murphy* of counsel), for defendant.

BARRETT, P. J. Claimant's intestate, her son, aged a little less than six years, while playing with a young companion at Ore Pit Pond in Taconic State Park, fell into the water and was drowned.

This claim was filed to recover from the State the damages caused by the death of the infant. In an accompanying decision, the facts are stated in detail and need not be repeated here.

The pond was divided into one part for swimming consisting of about two hundred feet in the southerly portion and in the remainder, marked off by a boom line made of logs, swimming was not allowed. A separate small pool not over two feet deep, was provided for small children. At the area where swimming was not allowed the east bank of the pond was steep and covered with trees, underbrush and shrubs, while the portion of the east bank south of the boom line where swimming was permitted, had been cleared. It thus appears that the two sections were well distinguished. A lifeguard was provided to protect swimmers. The accident occurred in that portion of the pond in which swimming was not allowed.

It would indeed be unreasonable to require the State to guard every foot of this pond and it is also apparent that the presence of signs would not have availed anything in the case of this infant. It was commonly known that swimming was allowed only in the south part of the pond and it is doubtful that a fence would have added any protection as children have a natural propensity to climb fences. But in any event, the steep bank covered with trees, underbrush and shrubs marked off the swimming area from the nonswimming area and as stated, it is unreasonable to require the State to patrol the entire pond to keep children from going near the deep water. It seems that only the parents of the children could do that.

The accident was not the result of any negligence upon the part of the State and the claim must be dismissed. (Cf. *Cunningham* v. *City of Niagara Falls,* 242 App. Div. 39, 42; 244 App. Div. 880, affd. 269 N. Y. 644.)

While the rules of the State Park Commission prohibiting fishing were admitted in evidence, they are not of any value here as the child was less than six years of age and as a matter of fact, was only playing at fishing.