JOSEPH PENDINO, as Administrator of the Estate of ANGELINA PENDINO, Deceased, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 28683.)

Court of Claims, August 17, 1949.

*Alexander I. Tomanovich* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Edward R. Murphy* of counsel), for defendant.

LAMBIASE, J. Claimant's intestate, Angelina Pendino, an infant of eleven years, was drowned in the afternoon of June 20, 1947, in the Barge Canal, a public waterway owned, maintained and operated by the State of New York, at a point therein where it is spanned by a bridge designated as E-150, erected by the State of New York about the year 1917 or 1918. At said point the channel of the canal between banks is 132 feet wide and its course is generally easterly and westerly. However, the land owned by the State of New York at and in the vicinity of said bridge extends to a point 54 feet south of the south bank and to a point 89 feet north of the north bank of the canal channel. At bridge E-150, and for some distance to the east and west thereof, the Barge Canal flows through a public park in the city of Rochester, New York, known as Genesee Valley Park, and the north and south boundary lines of lands owned by the State of New York at said points adjoin and are contiguous to lands comprising part of said park.

In 1928 the State of New York constructed fender walls under bridge E-150 to prevent lightly loaded barges navigating the canal from drifting against the bridge structure with possible damage to it. At all times in the claim mentioned, one of these fender walls was located north of, and another was located south of, the center line of the canal channel paralleling, respectively, its north and south banks. We are concerned only with the south fender wall, and we, therefore, confine our attention to it.

At all times in the claim mentioned, the south fender wall was comprised of a center portion about 18 feet 4 inches long and a wing portion at each end extending toward the bank, each wing being about 22 feet 6 inches long. Its top surface was flat and about 3 feet wide, and protruding upward therefrom (State's Exhibit " A ") was an iron pipe. The fender wall was 5.1 feet in height, 2.6 feet of which were under water and the southwest corner of its west wing was about 3.5 feet from the south bank of the canal. Attached by bolts to the north side of said south fender wall and running its entire length was a 12 inch by 12 inch timber. This timber was so affixed thereto that on the day of the accident part of it was submerged.

On the day of this unfortunate occurrence claimant's intestate and three other girls of about her age walked across bridge E-150, going from the north to the south bank of the canal. They took off their shoes and stockings and went into the canal channel from its south bank. They climbed onto the southwest corner of the west wing of said south fender wall and reached the flat top surface thereof. Sometime thereafter claimant's intestate grasped the aforementioned iron pipe and attempted to let herself down the north face of the south fender wall so as to place her feet upon the 12 inch by 12 inch beam, to which we have hereinbefore referred. In the course of doing this she fell into the canal and was drowned.

Claimant has filed this claim to recover damages for the death of said infant, Angelina Pendino, alleging that the State neglected " to provide and maintain adequate and proper barriers, warnings or restrictive measures, to protect the public in and to the approach to and of the said bridge abutments and fender walls; in the proper protection and safeguard of the life and property of people using the premises which are within the confines of Genesee Valley Park in the City of Rochester, County of Monroe, New York. That further negligence on the part of the State of New York is predicated on its construction, maintenance and control over the said bridge and abutments and fender walls thereto, which constitutes an attractive nuisance to persons using the said Park and especially to children of immature age and discretion who use said park as invitees." (Claim, par. 3 in part, as amd.)

And, alleging further: " That the said death by drowning of the decedent of the claimant herein, was without any fault or negligence on the part of the claimant's decedent in any way contributing thereto, but was directly a result of the negligent, improper and unlawful operation and control of the said bridge

abutment and fender walls in the lack of care and caution on the part of the State of New York through its officers, agents, servants and employees in its refusal and neglect in maintaining proper barriers and protection to a portion of its property which was ' inherently dangerous ' to the life of citizens using the said Genesee Valley Park, as invitees.'' (Claim, par. 5, as amd.)

The State of New York, on the other hand, contends that there was nothing inherently dangerous about this fender wall or its method of construction; that from the moment Angelina Pendino waded out into the channel of the canal and when she climbed onto the fender wall and later when she was in the act of climbing or sliding down onto the wooden beam, she was a trespasser insofar as the State of New York was concerned, and that the State of New York owed her no duty except to refrain from any wanton, willful or intentional injury to her. It urges, further, that the deceased was *sui juris* and was chargeable with contributory negligence.

The fender wall involved herein is a necessary element in making navigation feasible upon the Barge Canal. It was erected by the State of New York upon its own property for the purpose of carrying on its business of canal navigation. Claimant's intestate was on the fender wall neither by invitation of the State of New York, nor on its business. She was *sui juris* and was there for her own purposes which were totally disconnected with the State's business. Clearly, the deceased had no right to go upon the fender wall for the purpose for which she did, for it was not intended for any such use and her act in going upon it was in violation of the purpose for which it was designed.

If it is, as the State urges, that the deceased was a trespasser from the moment that she waded out into the channel of the canal and continued as such up to the time of her death, the State of New York could not be held liable because it was guilty of no affirmative act of negligence (*Panunzio* v. *State of New York,* 266 App. Div. 9, affd. 292 N. Y. 625). Whether the deceased was such a trespasser as maintained by the State of New York, or was, at best, a mere licensee (*Simmons* v. *Poughkeepsie Savings Bank,* 255 App. Div. 887, affd. 282 N. Y. 626), we deem it unnecessary to decide, because in either event, as we view the case, the State of New York did not violate any duty which it owed her in the premises.

It is well settled that the only duty which an owner of land owes to a trespasser or bare licensee is to abstain from affirmative acts of negligence or not to injure intentionally such person. (*Morse* v. *Buffalo Tank Corp.,* 280 N. Y. 110; *Vaughan* v. *Transit*

*Development Co.*, 222 N. Y. 79; *Hall* v. *International Ry. Co.*, 184 App. Div. 925, affd. 227 N. Y. 619; *Birch* v. *City of New York*, 190 N. Y. 397; *Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452. See, also, *Beck* v. *Carter*, 68 N. Y. 283.)

There is nothing in the evidence which would warrant a finding that claimant's intestate's death was due to any act of negligence on the part of the State of New York, or its employees, or that the State of New York was maintaining a nuisance. (*Panunzio* v. *State of New York, supra; Splittorf* v. *State of New York*, 108 N. Y. 205; *Donahue* v. *State of New York*, 112 N. Y. 142; *Hall* v. *State of New York*, 265 App. Div. 1037; *Bennett* v. *City of Mount Vernon*, 243 App. Div. 119; *Parry* v. *State of New York*, 193 Misc. 875; *Tully* v. *State of New York*, 169 Misc. 796; *Grimes* v. *State of New York*, 120 Misc. 710. See, also, *Tuerck* v. *State of New York*, 196 Misc. 300, appeal pending; *Cunningham* v. *City of Niagara Falls*, 244 App. Div. 880, affd. 269 N. Y. 644; *Cunningham* v. *City of Niagara Falls*, 242 App. Div. 39.)

In view of the foregoing, we do not reach the question of contributory negligence of the deceased.

The claim herein must be, and hereby is, dismissed upon the merits.