Richard S. Heller, J.
This claim seeks recovery for the death of claimant’s intestate, Russell Moore, who was a Baptist clergyman employed as executive director of the Monroe County Baptist Home in Fairport, New York, at the time of his death.
The death occurred when an automobile being operated by the decedent went into the New York Barge Canal between Main and Parker Streets in the Village of Fairport on December 1, 1958. For a great many years the New York Barge Canal has run through the Village of Fairport and it is bridged at Main Street by a lift bridge and at Parker Street by a fixed bridge.
The State owned a strip of land south of the canal, and for some 550 feet west from Parker Street there were about seven mooring posts at irregular intervals some 10 or 12 feet south of the south edge of the canal. The total width of this strip immediately adjacent to Parker Street was about 45 feet, and at its narrowest point some 450 feet west of Parker Street it was about 40 feet wide. Access to this strip was available from Main Street where there was a 20-foot passageway which led to this strip and to the Dudley Lumber Company which was located south of the State property. By means of this driveway from Main Street there was also access to a municipal parking lot and police station located at the rear of the town hall.
The testimony established that there was a defined passageway for vehicles over this 20-foot drive leading from Main Street and then curving to the southeast immediately north of the Dudley lumber yard, then proceeding east on the State property and leading finally to Parker Street. The westerly 200 feet of this defined vehicle passageway was located partly on property owned by the State and partly on property owned by others.
There is considerable testimony that this passageway was in general use by the public as a means of passing from Main Street to Parker Street, particularly for the purpose of avoiding delay resulting from the use of the lift bridge on Main Street. There is no evidence of any maintenance of the area by the State. The only evidence as to the maintenance of the vehicular passageway was that some scraping had been done by the Town of Perinton.
*742 At the time of this accident there were no signs of any kind. The evidence of the claimant established that the mooring posts had not been used for a considerable period of time in taking on or discharging commercial cargo. The evidence was insufficient, however, to establish that the mooring posts were not used by vessels utilizing the canal.
There were no witnesses to the accident. The claimant urges that the evidence establishes that decedent turned off Main Street on the State property headed eastward on a defined roadway which was icy and rutted. As the decedent followed the curve of this roadway around the northwest end of the Dudley lumber yard, his car skidded off the defined part of the roadway and continued eastward in the heavy snow north of the roadway and on the part of the State property which sloped quite sharply toward the canal. Finally at a point some 205 feet east of the curve where decedent apparently skidded off the defined roadway, it is urged that the left front wheel of the car struck one of the mooring posts or bollards which sent the vehicle into the canal.
On these facts the claimant urges that the State property had become “ a public thoroughfare ”. Claimant asserts that the State was negligent in permitting such a public thoroughfare to exist with the sharp grade from the roadway toward the canal, in failing to maintain the roadway, in permitting the bollards to remain as a trap to one who had no knowledge of their existence and finally in failing to provide guard rails or barricades.
No action of the State is shown which could in any way be construed as constituting this particular property as a public highway subject to the standards of care applicable to other public highways. Such a requirement of care cannot be imposed upon the State without its act.
The area obviously existed for the purpose of giving access to the canal as a means of navigation maintained by the State. The identifiable vehicular passageway did not run from Main Street to Parker Street on State property. The easterly end of that defined passageway was located on property not owned by the State.
There is no basis on this record for any finding that the State had a duty to treat this property as a highway or public thoroughfare with an attendant duty to construct and maintain in reasonably safe condition in accordance with the terrain encountered and traffic conditions to be reasonably apprehended.
While the State cannot be held to the standard of care applicable to State highways or State-controlled roadway of any *743 kind, the State was the owner and possessor of this real property where claimant’s intestate lost his life, and the basic question for determination is the proper measure of the State’s duty or care to the deceased and a determination of whether or not the State failed to carry out its duty. The access to Main Street and the mooring posts were a part of the barge canal facilities and the evidence establishes that the property was so used.
The record does not indicate why claimant’s intestate was on the State’s property. There is nothing in the record to indicate that his presence on the property had any connection or relationship to the intended use of such property.
The conclusion is inescapable that claimant’s intestate was on this property for his own purposes which were totally disconnected with the State’s business.
Claimant’s intestate was at most, a bare licensee and the State’s duty was at most to abstain from affirmative acts of negligence and from injuring intentionally. (Ryan v. State of New York, 13 Misc 2d 282; Hall v. State of New York, 173 Misc. 903, affd. 265 App. Div. 1037.) The State contends that claimant’s intestate was a trespasser and if this were the case, the State could not be held liable because it was guilty of no affirmative act of negligence. (Panunzio v. State of New York, 266 App. Div. 9, affd. 292 N. Y. 625.)
There is nothing in the evidence which would warrant a finding that the death giving rise to this claim was due to any act of negligence on the part of the State or its employees. (Ryan v. State of New York, supra; Pendino v. State of New York, 196 Misc. 184.) In view of the foregoing it is not necessary to discuss the State’s contention of contributory negligence on the part of the decedent. The claim is hereby dismissed upon the merits.