John H. Cooke, J.
The above-entitled claim was tried on the date indicated before Honorable Charles T. Major, Judge of the Court of Claims, who died prior to rendering a decision, and, by stipulation entered into between the parties, is hereby being decided.
Claimant Guy Plunkett and his wife were in the Village of Baldwinsville on the 12th day of July, 1959 and spent a portion ■of the afternoon watching the boats pass through the New York State Barge Canal, Although there were two signs posted in the area of this State-owned and maintained property indicating “ No Admittance ”, several people had congregated to observe the passage of boats.
While in the process of leaving the area, claimant turned sideways to let some people pass, then stepped back off a concrete ramp and his left foot fell into a sewer drain, causing the personal injuries, loss of wages and expenses for which claimant seeks recovery against the State of New York.
This claim has not been assigned or submitted to any other court or tribunal for audit or determination.
It is the contention of claimant that his status is that of an invitee, since the public had been permitted use of the area, and that the State had full knowledge of such use. Although there was testimony adduced at the trial that many persons had used the area for the same purpose as the claimant, the courts have held that such persons are trespassers or, at best, bare *1019 licensees (Hall v. State of New York, 173 Misc. 903). As a licensee, he assumes all the risks of the premises except those resulting from intentional, wanton or malicious acts (Splittorf v. State of New York, 108 N. Y. 205; see, also, Regan v. State of New York, 25 Misc 2d 258). The State owed no duty of active vigilance to see that claimant was not injured (Grimes v. State of New York, 120 Misc. 710; Donahue v. State of New York, 112 N. Y. 142).
Even if the court were to find the State negligent, which is not evident here, the court would have to preclude recovery due to the contributory negligence of claimant.
The court, therefore, finds that the proximate cause of the accident was the claimant’s negligence and that the State did not contribute to the accident.
Upon all the evidence, the claim must be and hereby is dismissed.
The findings of fact and conclusions of law filed by the parties hereto have been marked and signed and they constitute a part of the decision.