### McCORMICK *v.* CITY OF AMSTERDAM.

(*Supreme Court, General Term, Third Department.* March 15, 1892.)

**1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—EVIDENCE.**

A highway within the corporate limits of a city, designated as a "street," used as such for more than 20 years, having a well-defined road-way and sidewalk, and water-main, lamps, and sewers paid for by the city, which has been improved by the city, and which has 100 or more residents thereon, is a street for whose defective condition the city will be liable to persons injured.

**2. SAME—UNIMPROVABLE STREETS—FAILURE TO DESIGNATE ON MAP.**

Amsterdam City Charter, § 88, provides that the common council shall designate on the city map all such streets as cannot be put in proper condition for general travel without too great expense, after which the city shall not be liable for accidents or injuries to persons caused by their defective condition. *Held*, that the bur-

den of proof is on the city to show compliance with such provision, and that, in the absence of such evidence, it will be presumed that the city has not so designated a street on which plaintiff received an injury, but has elected to treat the same as one of the streets for which it was responsible.

Appeal from judgment on report of referee.

Action by Isabella McCormick against the city of Amsterdam to recover damages for personal injuries caused by the defective condition of a street. From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before PUTNAM and HERRICK, JJ.

*Louis H. Reynolds,* for appellant.    *A. B. Flansburgh,* for respondent.

HERRICK, J.    The principal question discussed upon this appeal was as to whether the place called "John Street," in the city of Amsterdam, is a public street over which the defendant had custody and control, and for whose condition it is responsible.    The testimony shows that it was at the time of the accident which is the foundation of this action, and had been for more than 20 years prior thereto, a highway used by vehicles and foot-passengers to pass and repass; that it had a well-defined road-way and footpath, or sidewalk; that a sewer had been laid through it, also a water-main; that it was lighted by lamps, for which the city paid; that work had been done upon it which the city paid for; that in the neighborhood of 100 people resided upon it.    It was used in every way in which a public street can be used, and it seems to me that, within the cases of *Saulsbury* v. *Ithaca,* 94 N. Y. 27; *Pomfrey* v. *Saratoga Springs,* 104 N. Y. 459, 11 N. E. Rep. 43,—it must be held to be a street for which the defendant is responsible.    I do not go so far as to hold that private persons may lay out a highway through their property, and by using it as a highway, and permitting others to so use it, they can compel a municipality to become responsible for it as a public street; but the municipal authorities may, by their action, treat it and adopt it as a public street, and hence become responsible for its condition, without any formal acceptance. It also seems to me that the defendant is responsible for the highway in question for reasons not referred to, or within the scope of the cases hereinbefore cited.    The place in question had been used for highway purposes for more than 20 years prior to the happening of the accident, which was in March, 1888.    In April, 1885, the defendant was for the first time incorporated as a city.    Within its boundaries was the place in question, which had been so used as a highway, as before stated, and the defendant, through its common council, was given the care and custody of the highways within the city. The act of incorporation also provided as follows:    "Sec. 88. The said common council shall cause to be made a map of all the streets and highways in said city, and to be designated thereon, in such a manner as they deem proper, those streets and highways which, in their judgment, cannot be put in proper condition for general travel without too great expense.    They may repair said streets for the convenience and benefit of the inhabitants thereof, but said corporation shall not be liable for any accident or injury to person or property caused or occasioned by the defective condition of any street or highway thus designated."    The place in question was not a highway imposed, or attempted to be imposed, upon the city without its authority.    It was there before the defendant became a city, was being used as a highway, and in accepting its charter, and the obligations it imposed, the defendant became responsible for it and other highways, (see *City of Rochester* v. *Campbell,* 123 N. Y. 405-411, 25 N. E. Rep. 937,) unless it relieved itself in the manner provided for in section 88 of chapter 131 of the Laws of 1885, above cited, and there is no evidence in the case showing that the defendant has ever designated John street as one of the streets for which it should not be liable as provided in that section.    If it desired to escape responsibility for the street, it should have complied with the requirements of the law, and the

burden of proof is upon it to show that it has done so; and, no proof being offered to that effect, the presumption is that it has not designated John street as one of the excepted streets, but has elected to care for, maintain, and be fully responsible for it as one of the streets and highways of the city.

Judgment should be affirmed, with costs.