GRACE BENNETT, Respondent, *v.* THE CITY OF MOUNT VERNON, N. Y., Defendant, Impleaded with the COUNTY OF WESTCHESTER, Appellant.

ROSINA ISABELLE ROSE, Respondent, *v.* THE CITY OF MOUNT VERNON, N. Y., Defendant, Impleaded with the COUNTY OF WESTCHESTER, Appellant.

Second Department, December 31, 1934.

*Francis J. Morgan* [*William A. Davidson, County Attorney,* with him on the brief], for the appellant.

*Thomas A. McKennell* [*Junius P. Abramson, Charles S. Friedman* and *Jacob A. Bernstein* with him on the brief], for the respondents.

CARSWELL, J. The two women plaintiffs and two men, on May 27, 1927, at one A. M., were in an automobile in Mount Vernon,

being driven to Pelham, N. Y. There were other and shorter routes to the destination of the occupants of the automobile than the one they selected. The machine was proceeding along Farrell avenue to Beechwood avenue which it intersects but does not cross. On a line with what would be a continuation of Farrell avenue is a disused, private, paved entrance or roadway to abutting property. It is about one-half the width of Farrell avenue. The automobile continued on into this private roadway, which was on the property of the Knickerbocker Ice Company. That portion of the parcel was in the possession of defendant County of Westchester preliminary to taking title in connection with an unfinished park development. After the car entered this private roadway and proceeded about seventy-five feet, it came to an excavation containing water, which was a new bed for the Hutchinson river, being diverted from its course nearby. The car plunged into the excavation and overturned, and plaintiffs suffered injuries. There was a street light on Beechwood avenue about twenty-five feet from the private roadway which was dark.

The verdicts import that there were no lights or barriers at the entrance to the private roadway from Beechwood avenue or at the edge of the new river bed seventy-five feet back from Beechwood avenue.

The plaintiffs have had verdicts against the County of Westchester and said defendant appeals.

The possession by defendant County of Westchester, during the course of transforming it to park uses, of this portion of the tract containing this private roadway did not increase the measure of duty owing by the county to the plaintiffs as mere members of the public. (*Birch* v. *City of New York*, 190 N. Y. 397, 402.)

The maintenance of this private roadway, paved in its entire length and curbed from Beechwood avenue into the roadway a distance of ten feet, did not constitute an invitation, express or implied, to the public to use it. (*Cusick* v. *Adams*, 115 N. Y. 55.) Its use by the public was a matter of sufferance and not consequent upon any agreement with or permission of the owner or the entity in possession. Its appearance was not an invitation to the plaintiffs to use it as a public street. (*Stevens* v. *Nichols*, 155 Mass. 472; 29 N. E. 1150.)

The common-law rule is that one is free to leave unmarked or unfenced the boundaries of his land, and a person entering thereon without permission, whether innocently or by mistake, is a trespasser. He must take the premises in the condition in which he finds them, the owner or person in possession being under no duty to do other than refrain from inflicting intentional injuries

or maintaining a snare or trap. The exception which casts liability is where one maintains a dangerous condition so close to the public highway that a person traveling thereon may, by a slight deviation, enter upon lands containing such dangerous condition and suffer injury. Here the excavation into which the automobile fell and overturned was seventy-five feet from the highway. The condition, assuming it to be dangerous, was remote from the public highway. It was not so close as to make the use of the highway unsafe or dangerous. The situation does not come within the exception to the general rule as stated in *Beck* v. *Carter* (68 N. Y. 283, 290). There the condition of danger was maintained about ten feet from the line or edge of a public alley or highway.

In *Kleinberg* v. *Schween* (134 App. Div. 493; affd., 198 N. Y. 619) the condition which resulted in injury was in the rear of a plot, not adjacent to the public highway. Hence no liability was enforced to a person who entered upon the premises and suffered injury. To the same effect is *Reardon* v. *Thompson* (149 Mass. 267; 21 N. E. 369).

These plaintiffs being mere licensees, the measure of duty owing to them by the defendant was that stated by GRAY, J., in *Cusick* v. *Adams* (115 N. Y. 55). There the owner of premises was deemed to have connected the public highway with his own property by means of a bridge. This bridge, as a convenient way, was used by the public as a matter of sufferance. It was out of repair, and plaintiff while crossing it was injured. It was held that, as the plaintiff was a bare licensee, the owner of the property did not owe any duty to him to maintain the structure in good condition and that the plaintiff must take the way as he finds it. GRAY, J., said (p. 58): " It is not a question of appearances, nor of what the plaintiff supposed from the appearances; but simply whether the defendant has failed in any duty which he owed to the plaintiff, either generally, as a member of society, or particularly, because of any relations subsisting between them." (See, also, *Mendelowitz* v. *Neisner*, 258 N. Y. 181, 184.)

The facts in the instant case do not come within that other line of cases where the relationship of the parties resulted in the injured person being more than a mere licensee — as where one enters upon property as a consequence of mutuality of purpose or for analogous reasons. (*Meiers* v. *Koch Brewery*, 229 N. Y. 10, 16.)·

There being no liability under the facts which the verdicts import, the judgments and that part of the order which denies appellant's motion to set aside the verdict should be reversed on the law, with costs, the motion to that extent granted, and the

complaint dismissed, with costs. The appeal from that part of the order which denies appellant's motion for a new trial should be dismissed.

LAZANSKY, P. J., YOUNG, SCUDDER and TOMPKINS, JJ., concur.

Judgments, and order in so far as it denies said defendant's motion to set aside the verdict, reversed on the law, with costs, motion to that extent granted, and complaint dismissed, with costs. Appeal from that part of the order which denies the motion for a new trial dismissed.