LENA WAGER, Respondent, Appellant, *v.* THE STATE OF NEW YORK, Appellant, Respondent.*
(Claim No. 24831.)

JAMES E. WAGER, Respondent, *v.* THE STATE OF NEW YORK, Appellant.*
(Claim No. 24832.)

Third Department, July 11, 1939.

* Modfg. and affg. 170 Misc. 357.

*John L. Moore*, for the plaintiffs. .

*John J. Bennett, Jr.*, Attorney-General [*Leon M. Layden* and *Owen M. Begley, Assistant Attorneys-General*, of counsel], for the defendant.

SCHENCK, J.   On October 18, 1936, at about seven-thirty P. M., the claimant Lena Wager was walking with her husband, claimant James E. Wager, from her home in the town of Grafton Center, Rensselaer county, to a church a quarter of a mile distant. Although it was dark at the time, the weather was clear and the road dry.   Claimants were walking in an easterly direction on the south side of the highway.   The highway is of two-strip concrete construction, with dirt shoulders on either side, and is maintained by the State under the patrol system.   At or near the location of the accident there were no sidewalks along said highway and the only place where pedestrians could walk was upon the concrete, or the shoulders adjacent thereto.   There is ample evidence to support a finding that at the place where the accident occurred the shoulder was worn away from the concrete, leaving the edge thereof exposed to a depth of from six to eight inches. Two automobiles approached claimants, each from an opposite direction, and the claimant Lena Wager stepped from the concrete into a hole, or depression, in the shoulder of the road, and fell, sustaining severe injuries.   Not only is there evidence to show that the highway was unsafe for travelers, including pedestrians, . but also the record indicates that the highway maintenance foreman and the resident engineer. both employed by the State, had

notice of the condition of the shoulder at the point of the accident a considerable time prior thereto and failed to remedy the defective condition after such notice.

The State maintains that claimant Lena Wager was guilty of contributory negligence in that she violated the provisions of subdivision 6 of section 85 of the Vehicle and Traffic Law by failing to comply with the rules therein relating to pedestrians, who are required to keep to the left of the center line of the highway and turn to the left, instead of the right side, allowing vehicles to pass on their right. While the violation of a statute may be evidence of negligence, this violation was not the proximate cause of the accident, nor did such act contribute thereto. The trial judge states in his opinion that he has given consideration to this violation and has so found. In the circumstances here presented the question of proximate cause, as well as the question of negligence, was one of fact. (*Tedla* v. *Ellman*, 280 N. Y. 124, 134.) It will be noted that in that case two judges of the Court of Appeals dissented on the authority of *Martin* v. *Herzog* (228 N. Y. 164). However, the court was unanimous in its affirmance of a judgment for the plaintiff in *Cassidy* v. *Hudson Transit Corporation* (280 N. Y. 667), subsequently decided, where the issues were substantially the same, O'BRIEN, J., concurring solely on authority of *Tedla* v. *Ellman* (*supra*).

This highway was heavily traveled and there was no sidewalk available to pedestrians, who were obliged to walk upon the concrete portion or upon the shoulders. The shoulders being an integral part of the highway should be maintained in a reasonably safe condition. When the claimant Lena Wager saw an automobile approaching, she stepped off the concrete and supposedly upon the shoulder of the road. She did what any prudent person would have done under the circumstances, but by reason of a defective condition, which had existed for several months, she was injured. Clearly, there was a question of fact presented and the court has found in favor of the claimant.

The court awarded to claimant Lena Wager the sum of $3,500, and to her husband, claimant James E. Wager, the sum of $1,840.50, and judgment was entered accordingly. While the award to claimant James E. Wager should not be disturbed, it does appear from the evidence that the amount awarded to claimant Lena Wager is inadequate. She sustained a major injury, a fracture of the neck of the femur, and was confined to the hospital for fourteen weeks, and for a period of eight weeks was required to lie in a cast which extended from her waist to her toes. The uncontradicted testimony shows her injury to be of a permanent

character and that a shortening of the left leg causes her to limp when walking.

The judgment in the case of claimant Lena Wager should be modified by increasing the amount of the award from $3,500 to $5,000 and finding No. 23 of the decision and conclusion No. 3 thereof will be modified by increasing the respective amounts therein stated from $3,500 to $5,000. And so modified, the judgments should be affirmed, with costs.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; CRAPSER, J., concurs in the affirmance of the original judgment and dissents from the increase of the amount of damages on the ground that this court is without jurisdiction to increase the damages.

The judgment in the case of Lena Wager is modified by increasing the amount of the award from $3,500 to $5,000 and finding No. 23 of the decision and conclusion thereof are modified by increasing the respective amounts therein stated from $3,500 to $5,000. As so modified, the judgments are affirmed, with one bill of costs.