JOHN FRANCIS BURNS, an Infant, by FRANK BURNS, His Guardian ad Litem, Respondent, and FRANK BURNS, Plaintiff, *v.* BROOKLYN UNION GAS COMPANY, Defendant, Impleaded with THE CITY OF NEW YORK, Appellant.

Second Department, January 8, 1940.

*Paxton Blair* [*William C. Chanler, Corporation Counsel, Joseph F. Mulqueen, Jr.,* and *James E. O'Reilly* with him on the brief], for the appellant.

*Harry A. Spiegelman* [*John M. Wilson* and *Coleman Charney* with him on the brief], for the respondent.

PER CURIAM. Action by the infant plaintiff to recover of the defendant municipality damages for personal injuries sustained while the infant was playing on the seat of an abandoned automobile which had stood for several months upon an unimproved public highway, and by the infant's father for medical expenses and loss of services. A playmate handed the infant plaintiff a lighted paper which burned his fingers. The infant dropped the burning paper, which ignited gasoline in the tank of the car, causing

the tank to explode, with resultant injury to the infant plaintiff. Upon the trial the father's action was dismissed for failure to serve notice of claim within the statutory period. From a judgment entered in favor of the infant plaintiff upon a jury verdict defendant municipality appeals.

The basic contention of the appellant is, in effect, that upon undisputed facts in the record, as a matter of law defendant municipality was not liable to the plaintiff who, it urges, was a bare licensee upon its land, concededly acquired for street purposes, but never graded or rendered fit for use by the traveling public; that, therefore, the city's liability for plaintiff's injuries was no greater and no less than that of a private person owning land (*Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109; affd., 231 N. Y. 605; *Birch* v. *City of New York*, 190 id. 397; *Bennett* v. *City of Mount Vernon*, 243 App. Div. 119, 120; White, Negligence of Municipal Corporations, [1920] § 119), who is not responsible for injuries to a licensee thereon where an unknown party, without the owner's antecedent consent, deposited an object on the land and another unknown party perverts the object from its natural purposes and injures the licensee with it. (*Cusick* v. *Adams*, 115 N. Y. 55; *Sterger* v. *Van Sicklen*, 132 id. 499; *Larmore* v. *Crown Point Iron Co.*, 101 id. 391; *Mendelowitz* v. *Neisner*, 258 id. 181; *Garthe* v. *Ruppert*, 264 id. 290.) Upon the facts, which are undisputed, and others, which are implicit in the verdict, however, the city and the plaintiff were not in the legal categories of licensor and licensee respectively. The locus of the accident was within the boundaries of Vandervoort avenue which, ninety feet in width, had been acquired by the city for street purposes, but which, in the vicinity of that locus, had not been graded or paved and was in a rough state. Nevertheless, there was evidence from which the jury was entitled to, and did, infer that for years it had been actually used as a public street to some extent, at least for vehicular and pedestrian traffic. Therefore, the city owed to plaintiff a higher duty than a licensor owning private property owes to a licensee, namely, to see that the street was kept clear of dangerous and unnecessary obstructions which, with reasonable care commensurate with the circumstances, could be discovered and avoided. (*Vide Stern* v. *International R. Co.*, 220 N. Y. 284, 294, 295; *McCormick* v. *City of Amsterdam*, 63 Hun, 632; opinion, 18 N. Y. Supp. 272, 273 [not officially published], and cases cited; *Matter of City of New York* [*Amethyst Street*], 189 App. Div. 181; *Brush* v. *City of New York*, 59 id. 12; *Deufel* v. *Long Island City*, 19 id. 620; *Richardson* v. *City of Seattle*, 97 Wash. 521; 166 P. 1131.) The jury, properly instructed

by the court, upon sufficient evidence, found that the city failed to exercise the required degree of care.

The judgment, in so far as appealed from, should be affirmed, with costs.

Present — HAGARTY, CARSWELL, ADEL, TAYLOR and CLOSE, JJ.

Judgment, in so far as appealed from, unanimously affirmed, with costs.