ROBERT WILKE, JR., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25449.)

DOROTHY WILKE, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25450.)

Court of Claims, July 31, 1942.

*Pines & Sterling* [*Samuel S. Pines* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*John M. Dooley* of counsel], for the defendant.

DYE, J. The State had so constructed a tile drain underneath the highway passing through the village of Buchanan that its outlet terminated before reaching the outer edge of a bituminous shoulder. Water draining from the tile washed out the subsoil, resulting in a cave-in at the edge of the bituminous shoulder, forming a hole approximately eighteen inches deep. The claimant, while walking along the shoulder after dark, stepped into the hole and was injured.

The applicable statutes relating to State liability for highway maintenance and repair within village limits have been discussed at length in *Seelye* v. *State of New York* (178 Misc. 278). Nor is the decision herein inconsistent with the result therein reached as the facts create an entirely different situation and distinguish each case without disturbing the force and effect of the statute. Here the highway, the bituminous shoulder and the subsurface tile drain were located within the State's right of way passing through the village and were constructed by and had been repaired and maintained by the State. Whereas, in the *Seelye* case (*supra*) the shoulder was outside of the State's right of way line, and such repairs as had been made were done by the village and there was no proof that the State had created the condition or had ever assumed any responsibility in connection with its repair and maintenance. Here, terminating the tile drain underneath the bituminous shoulder was bound to result in just such a dangerous situation as did develop, and the State having created the proximate cause of the condition and being cognizant of the fact, was bound to remedy it.

Nor can this liability be avoided by alleging that the claimant was guilty of contributory negligence because she had not been forced onto the shoulder by any emergency due to traffic but was walking there voluntarily. While the bituminous shoulder cannot be deemed a sidewalk, still the claimant in the absence of other

facilities for pedestrian travel, and there were none, had a perfect right to walk either on the concrete or the bituminous shoulder, and when so doing was entitled to find it in a reasonably safe condition. (*Wager* v. *State of New York*, 257 App. Div. 580.)

Claimants are each entitled to an award against the State in the amounts indicated in the respective decisions filed herewith.

Let separate judgments be entered accordingly.

RYAN, J., concurs.