WILLIAM O. GILLE, JR., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28737.)

Court of Claims, January 24, 1949.

*John H. Broderick* and *Henry S. Bayly* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Marvin P. Lazarus* of counsel), for defendant.

LAMBIASE, J. Claimant has sued to recover for injuries sustained by him about 1:30 A.M. on June 29, 1947, when, as he was walking on the north shoulder of the Troy-Schenectady highway, being New York State Highway No. 630, and particularly at a

point thereon about 130 feet east of a traffic light maintained by the State of New York at the intersection of said highway with another highway known as the Old Loudonville Road, he stepped into a hole in said shoulder, as a result of which, his right foot was caught causing him to be thrown forward and to the ground and to sustain a fracture of certain bones of the said foot. No permanent injury is alleged in the claim, and none was proved upon the trial.

It appears that claimant's home and place of employment are located in the vicinity of the place of the accident, and that on the day of the accident he had returned to his home from his work at about 12:30 A.M. where he found that his nine-month-old daughter was ill. After discussing the child's illness with his wife, claimant went to bed. He was some time thereafter awakened from his sleep by his wife as his little daughter was having a choking spell. It was decided by claimant and his wife that the child be taken to a hospital, and at the time of claimant's accident he was going to telephone in order to obtain means of transportation to take his child to a hospital in the city of Albany, New York.

The gravamen of this claim is negligence in the maintenance of the north shoulder of the aforesaid highway at the point of the accident predicated upon the various particulars alleged in the claim filed herein, and in failing '' to maintain the said shoulder to conform with established State standards for highway construction.'' The State denies any negligence on its part, contends that claimant has failed to prove himself free from contributory negligence, and insists that claimant's claim must be dismissed.

Concededly the highway in question, including the shoulder on the north side thereof, is a State highway under the care, control, and maintenance of the State of New York, and is patroled under its patrol system. It is heavily traveled, and at the time of claimant's accident, cars were traveling on said highway in both directions. At the point of the accident there are no sidewalks available to pedestrians who are obliged to walk upon the pavement or upon the shoulders. While the shoulder of a road cannot be deemed a sidewalk, still the claimant, in the absence of other facilities for travel — and there were none at or near the scene of the accident — had a perfect right to walk either on the pavement or on the shoulder, and when so doing, was entitled to find it in a reasonably safe condition. (*Wager* v. *State of New York,* 257 App. Div. 580; *Wilke* v. *State of New York* [2 cases], 178 Misc. 765.)

To find negligence we must first find a duty. It was incumbent upon the State of New York to keep this shoulder in a reasonably safe condition. Without discussing in detail the evidence bearing upon the alleged negligence of the State, we are of the opinion that, upon the record, the negligence of the State of New York has been established herein; and we now pass to a consideration of the issue of claimant's freedom from contributory negligence.

That claimant knew of the existence of the hole into which he stepped and by reason of which his foot was caught and he was thrown forward and to the ground sustaining the injury hereinbefore mentioned has been established by the claimant himself. If at the time of the accident he had had his mind upon the hole in the shoulder of the highway, the accident would probably have been avoided. His instinctive inclination to protect himself against the risk of injury would have induced him to have avoided this hole if he had noticed or remembered it as he approached this vicinity. For that reason it may be assumed that his mind was otherwise employed, and upon that circumstance the charge of his contributory negligence must be predicated, if it can be sustained at all. It seems clear to us from the evidence that claimant's attention at the time of his accident was engrossed by and he was absorbed in the emergent business for the accomplishment of which he had been awakened from his sleep and had left his home at that early hour of the morning, viz., to get to a telephone to arrange for transportation to take his ailing child to a hospital, and, without, at the time, thinking of this hole, he accidentally stepped into it in the darkness for the highway was not lighted at the place of the accident. We may well infer, and the record amply supports the conclusion, that claimant, as he walked along said shoulder in the early hours of that morning, was anxious and preoccupied about his infant daughter's illness, and that his main concern was to get his child to a hospital as soon as possible.

" At common law the rule has been repeatedly stated that the question of contributory negligence is ordinarily one of fact to be left to the jury, unless the inferences to be drawn from the proof point irresistibly to the conclusion that plaintiff did not act with ordinary care and prudence under the circumstances. (*Eastland* v. *Clarke*, 165 N. Y. 420.)'' (*Seyford* v. *Southern Pacific Co.*, 216 N. Y. 613, 614–615.) We do not believe that the proof herein points irresistibly to the conclusion that claimant did not act with ordinary care and prudence under the circumstances. Rather do we believe that the most that can be said

under the evidence herein is that reasonable minds may differ as to whether the claimant's actions constituted negligence. (*Conway* v. *Naylor*, 222 N. Y. 437.) We conclude, therefore, that claimant's prior knowledge of the existence of the hole in the shoulder of the highway and his moment of forgetfulness thereof, under the circumstances herein, did not, as a matter of law, constitute contributory negligence casting upon claimant the responsibility for his injury; and that a question of fact was presented herein on the issue of claimant's freedom from contributory negligence, which question of fact we have resolved in favor of the claimant and against the State of New York. (*Thomas* v. *Mayor of City of New York*, 28 Hun 110; *Darling* v. *Mayor of City of New York*, 18 Hun 340; *Driscoll* v. *Mayor of City of New York*, 11 Hun 101; *Delaney* v. *City of Mount Vernon*, 89 App. Div. 209; *Dale* v. *City of Syracuse*, 71 Hun 449, affd. 148 N. Y. 750; *Pomfrey* v. *Village of Saratoga Springs*, 34 Hun 607, affd. 104 N. Y. 459; *Evans* v. *City of Utica*, 69 N. Y. 166; *Bassett* v. *Fish*, 75 N. Y. 303; *Young* v. *Syracuse B. & N. Y. R. R. Co.*, 45 App. Div. 296, affd. 166 N. Y. 227; *Boyle* v. *Degnon-McLean Constr. Co.*, 47 App. Div. 311, appeal dismissed, 163 N. Y. 591; *Palmer* v. *Dearing*, 93 N. Y. 7; *Dollard* v. *Roberts*, 130 N. Y. 269; *Weed* v. *Village of Ballston Spa*, 76 N. Y. 329; *Millis* v. *State of New York*, 49 N. Y. S. 2d 517.) See, also, *City of Maysville* v. *Guilfoyle* (110 Ky. 670) where there were before the court facts and circumstances practically similar to those established herein.

In our opinion the accident and the injury resulting to claimant therefrom were caused solely by the negligence of the State of New York, its officers, agents, and employees, with no negligence on the part of the claimant herein contributing thereto.

Claimant's Exhibit 7 admitted in evidence with reservation to strike out is allowed in evidence with the exception of the following appearing thereon: that part consisting of eight colored markings representing location of holes in the north shoulder of the road as of July 27, 1947, and that part consisting of the legend appearing under the title " Holes in Shoulder of State Highway ", which are hereby stricken out with an exception reserved to the claimant.

We have, therefore, in an accompanying decision made an award which we feel adequately compensates claimant for the injury sustained by him, and therein we have made detailed findings relative to the particulars of claimant's injury and damages.