GERALDINE MURPHY, by MARCELENE MURPHY, Her Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30399.)— Claimant has appealed from a judgment of the Court of Claims dismissing her claim for personal injuries alleged to have arisen from negligence on the part of the State in the maintenance of Route 28 highway through Phoenicia, Ulster County, New York. On the day she received the injuries claimant, then sixteen years of age, left her home at the northwesterly corner of Route 28 and Newton Avenue. She crossed Newton Avenue, which extends northerly from Route 28, and then started southerly across the latter highway to reach the post office. In doing so she stepped on a catch basin cover. Her foot went through the space left by the breaking off of one of the crossbars of the cover and her lower leg was wedged between the bars. This was about ten o'clock in the morning of a clear, bright day. She testified that she had not noticed that one of the bars was missing before she stepped on the cover, that she did not know that she was stepping on the catch basin cover before she put her foot on it, and that she was not watching where she was putting her feet. The court below has held that claimant failed to establish the negligence of the State and was herself guilty of contributory negligence. While inattention may at times bar recovery, this case does not fall within that category. The catch basin in question was within or near the natural location of a crosswalk from the easterly sidewalk of Newton Avenue to the southerly side of Route 28, although apparently not marked as a crosswalk. In the absence of an obvious danger claimant had a right to assume the street to be in a reasonably safe condition for travel. Even if she knew of the existence of the catch basin, she could assume that it was safe and did not constitute a trap. It was error to hold claimant contributorily negligent. Concededly the State had no actual notice of the broken crossbar, nor did it cause the condition. To indicate constructive notice to the State there was uncontroverted testimony that a younger child had had an experience at the same spot similar to that of this claimant. Witnesses timed that episode as being from four to six weeks earlier. Claimant also produced testimony of the State's maintenance foreman that he had made no particular inspection of the catch basin cover since its installation in 1934. The State, resting at the close of claimant's case, offered no proof concerning the occurrence or knowledge of the condition of the highway. Judgment reversed on the law and facts and a new trial directed, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.