Richard S. Heller, J.
This is a claim for personal injury-suffered by claimant when she fell while walking at the intersection of Pennsylvania Avenue and Fred Street in the town of Southport, Chemung County, New York.
Claimant, who was 68 years old when this injury occurred, resided in a home located on the north side of Fred Street, west of Pennsylvania Avenue. Between 6:30 and 7:00 o ’clock on November 6, 1954 she left her home and proceeded east on the sidewalk on the north side of Fred Street. This sidewalk ended at another sidewalk on the west side of Pennsylvania Avenue which continued south to the pavement on Fred Street.
East of the Pennsylvania Avenue sidewalk there was a plot of grass and then a drop off to the dirt and gravel shoulder of Pennsylvania Avenue. Pennsylvania Avenue is a heavily travelled State highway running in a northeasterly direction through the town of Southport into the city of Elmira. Fred Street ends at the west side of Pennsylvania Avenue.
At the southwest corner of the intersection there was a store with a paved area for automobiles fronting on both Fred Street and Pennsylvania Avenue. The only illumination for the intersection of Fred Street and Pennsylvania Avenue was a street light located at the corner of Pennsylvania Avenue and Williams Street about 90 feet from Fred Street.
On the east side of Pennsylvania Avenue there was a sidewalk which ended at a driveway and paved parking area running south from a point about opposite the center of Fred Street. This paved area was utilized for the parking of automobiles in front of three stores located at the northeast corner of Pennsylvania Avenue and Williams Street which runs easterly from Pennsylvania Avenue.
On November 6, 1954 it had been raining and the ground and street were wet. Claimant walked from the northerly part of Fred Street across Pennsylvania Avenue to the paved area in front of the most northerly of the three stores on Pennsylvania Avenue north of Williams Street. She then proceeded to the most southerly of these three stores where she purchased a gallon of ice cream and a newspaper. Claimant then started to walk back to her home following the same route. As she was crossing the shoulder of Pennsylvania Avenue and the intersection of Fred Street she stepped in a depression and fell.
*954 She was taken to the hospital where she remained until November 11, 1954. She suffered a fracture at the elbow joint of her left arm and her whole arm was placed in a cast which was removed on December 3, 1954. The arm was kept immobilized until December 20, 1954. By January 27, 1955 she had regained full use of her arm. She apparently has had no difficulty since that time although there are some indications of arthritic changes at the elbow joint due to the accident.
The State maintained a dry well at the southwest corner of this intersection for drainage of water from the intersection. Difficulty with water at the intersection had been observed for many years. Some two or three weeks prior to the injury, State employees had operated a grader along the shoulder and “ditch line ” of Pennsylvania Avenue at this intersection for the stated purpose of removing a bump at the intersection.
Witnesses for the claimant testified that after this work was completed there remained a four to six-inch drop from Fred Street to the shoulder of Pennsylvania Avenue at the intersection. A State employee who inspected the scene three days after the accident reported that he observed four or five holes along the westerly edge of the shoulder of Pennsylvania Avenue, each hole being one or two feet long and three to four inches deep and extending across the intersection of Fred Street and Pennsylvania Avenue.
The shoulder of Pennsylvania Avenue at this intersection was an integral part of the highway and it was the obligation of the State to maintain it in a reasonably safe condition. (Wager v. State of New York, 257 App. Div. 580.) This the State failed to do.
The State seeks to avoid liability by asserting that the negligence of the claimant contributed to the injury. In support of this defense the State first contends that the claimant was crossing Pennsylvania Avenue improperly. Under the circumstances and physical aspects of this intersection, this contention is unavailing. There were no established crosswalks and at no point did any sidewalk cross the tree bank along Pennsylvania Avenue so as to give a pedestrian easy access to and a readily apparent method of crossing that heavily travelled street.
The State’s second contention on the defense of contributory negligence, is that claimant followed this same path daily for at least a week prior to the injury and she had knowledge of the conditions. Her mere knowledge of the condition which existed prior to the injury is not sufficient to establish contributory negligence on her part under the circumstances existing at the *955 time of the injury. (Gille v. State of New York, 197 Misc. 1043.)
Pennsylvania Avenue was a heavily travelled street and on this particular night it was wet and slippery and the entire intersection was poorly lit. In view of the physical aspects of the situation and the surrounding circumstances, claimant’s conduct was reasonable and free from contributory negligence. Her injury was the direct result of the State’s failure to maintain a reasonably safe place for travel.
Claimant is entitled to recover from the State of New York the sum of $1,205 for all damages suffered.
The foregoing constitutes the decision of this court in accordance with section 440 of the Civil Practice Act. Judgment may be entered accordingly.