Richard S. Heller, J.
This claim in the amount of $26,000 is predicated in negligence of the State of Hew York in permitting an unsafe condition along Route No. 14 just southerly of Pine Valley, Chemung County, New York.
On October 24, 1956, Susan Meeker, then an infant of nine years, was walking southerly on the east shoulder of State Highway Ho. 14 from Pine Valley to a schoolhouse located on the west side of the same highway. At a point approximately half way between her starting and destination points her left leg was impaled on a steel reinforcing rod jutting out of a broken highway post into the pathway used for pedestrians. As a result, she suffered serious and painful injuries.
It is established that the highway post had been broken for several months and that the reinforcing rod jutted into the travelled shoulder for approximately the same time. Hotice *289 to the State of the defect is established constructively even though it seems incredible that actual notice could not be ascertained from the weekly patrol of the highway conducted by the State. (Murphy v. State of New York, 283 App. Div. 980.)
The State was negligent in failing to correct a defective condition. It is their duty to provide the pedestrian with a reasonably safe place to travel and in the present case the shoulder was unsafe and dangerous because of the obstruction. (Wager v. State of New York, 257 App. Div. 580; O’Connor v. State of New York, 198 Misc. 1012.)
There are no sidewalks in the area on either side of the road and the claimant, in the absence of other facilities, had the right to walk either on the pavement or the shoulder and when doing’ so was entitled to find it in a reasonably safe condition. (Gille v. State of New York, 197 Misc. 1043.)
At the time of the accident Susan was lawfully walking-southerly facing northbound traffic on a heavily travelled highway. The shoulder narrowed to about 33 inches as it approached the place' of the accident. While it was her duty to watch where she was walking, there was an additional obligation to watch for oncoming cars that might hit her. Certainly she could assume the way to be clear and not obstructed by a rusty rod with coloring matching the dirt of the shoulder. The court holds that from the facts presented Susan Meeker was free from negligence contributing to the accident. (Eastland v. Clarke, 165 N. Y. 420.)
The reinforcing rod entered the inside of the lower leg and exited somewhat higher on the outside just beyond the center of the back of the leg. She was impaled for some length of time before the rod could be separated from the post. The rod was pulled through the flesh and removed before she was taken by ambulance to the hospital. At the hospital an operation was performed and a five-inch linear incision was made to cleanse the wound and to remove injured tissue.
Susan remained at the hospital for five days and then returned home. She was able to get around on crutches and in three weeks she returned to school.
Prior to the accident Susan was a normal healthy girl and her recovery indicates that there is no bone damage or loss of function in the leg. There is, however, a permanent scar and some loss of sensation in the injured area. Additionally, there is a slight difference in the circumference of the legs.
Susan Meeker, by Arthur Meeker, her guardian ad litem, is entitled to an award of $5,000 for her injuries past, present, and future and for her pain and suffering.
*290 Arthur Meeker, individually, is entitled to an award in the amount of $300 for past and future medical and medicinal expense.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (See Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.