Melvin H. Osterman, J.
The above-captioned claim is for the negligence of the State in the construction and maintenance of a drainage culvert located at the southwest corner of the intersection of Sussex Road and Northern Boulevard (State Highway No. 25) in Great Neck, New York.
On July 23, 1956, claimant Erie Harrow, then a 12-year-old boy, was riding a bicycle in a westerly direction along the sidewalk parallel to Northern Boulevard. At the southeast corner of the aforesaid intersection, said claimant rode his bicycle off the sidewalk a few feet into Sussex Road, proceeded westerly across the road and then attempted to resume his travel along Northern Boulevard. However, instead of proceeding along the highway, the claimant rode his bicycle onto a grassy area abutting the shoulder of Northern Boulevard, which area was delineated by two white posts. The claimant rode a few feet on the grassy area, then fell into a drainage ditch located approximately three and one-half feet below the grassy area and sustained injuries.
In addition to the claimant’s own testimony that there were no warning signs, restraining cables or other marking devices indicating this culvert, a friend of the claimant testified that a similar accident occurred to him approximately one year before the claimant’s, However, the court is not impressed with the credibility of this witness and does not feel his testimony lends any great weight to the claimant’s case. No other proof of prior accidents or other evidence of the State’s knowledge of a dangerous condition was offered.
The examination before trial of the defendant’s Assistant District Engineer, read into evidence, indicated that the area around the culvert was maintained regularly by the State, which maintenance included the cutting of grass approximately every two weeks, the patching of holes in the pavement and maintaining the free flow of water in the culvert. The deposition also indicated that defendant had no reports of any prior accidents.
It is undisputed both from claimant’s own testimony and photographic exhibits that the highway and its shoulder were *172 unobstructed at the place abutting this culvert and that the highway, its shoulder and a sidewalk offered free access to the claimant upon which he could have ridden his bicycle.
In order to predicate liability in this case, we must first determine the duty that the defendant owed to this claimant. Duty is not limitless; it is bounded on its periphery by the foreseeability of risk. Succinctly stated: “ The risk reasonably to be perceived defines the duty to be obeyed” (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 344).
It is undisputed that abutting this ditch on the north was the paved highway known as Northern Boulevard, next to the paved highway was a dirt shoulder; on the other side of the ditch was a paved sidewalk. All of these facilities were available to the claimant for his use, yet he chose not those unobstructed ways, but the thin grass area between the shoulder and the sidewalk, which to any reasonable person was not intended for travel.
Without an implied invitation to use this ditch area and with other means of access available, the claimant falls within the established rule that, “ One who voluntarily and unnecessarily deviates from the traveled portion of the highway and in so doing meets with an accident from some cause outside the traveled way, cannot as a general rule recover for injuries sustained” (Sher v. State of New York, 194 Misc. 172, 174). This rule has been repeatedly applied by our courts to deny liability for the unreasonable use of an untravelled portion of the highway.
In Beck v. Carter (68 N. Y. 283, 290) the Court of Appeals stated the rule thusly: “ in the absence of special circumstances if a person traveling on a highway deviates therefrom and falls into a pit or excavation on the adjacent land the owner is not responsible for the resulting injury ”.
In King v. Village of Fort Ann (180 N. Y. 496, 499), the court stated when finding for the defendant that “ There is no dispute about the fact that the accident occurred in consequence of the plaintiff’s act in leaving the traveled road ”.
Again, in Bennett v. City of Mt. Vernon (243 App. Div. 119, 120-121) the court said: “ The common-law rule is that one is free to leave unmarked or unfenced the boundaries of his land, and a person entering thereon without permission, either innocently or by mistake, is a trespasser. He must take the premises in the condition in which he finds them, the owner or person in possession being under no duty to do other than refrain from inflicting intentional injuries or maintaining a snare or trap ”.
The recognized exception to this rule is where the condition complained of is so close to the highway that by slight deviation *173 the traveler enters upon such land and suffers injury. (Sher v. State of New York, supra; Bennett v. City of Mt. Vernon, supra.) However, we are of the opinion that this exception is not applicable to the claim at bar. The claimant did not by innocent deviation ride upon the grass. Bather he purposely aimed his travel in that direction. He did not mistake this grassy area for the highway or for the shoulder or for the sidewalk. Indeed he made no mistake at all. He intended to ride on the grass and he did so. Had there been any deviation from his intention, the deviation would have landed him on the safer way to travel.
The path chosen was not a shoulder (Wager v. State of New York, 257 App. Div. 580); nor a crosswalk between two streets (Murphy v. State of New York, 283 App. Div. 980); nor an unguarded ditch at the end of a public highway (Marcario v. City of New York, 278 App. Div. 712); nor a public hunting preserve onto which the public was invited (Le Roux v. State of New York, 307 N. Y. 397).
The claimant had patently safe means of travel available to him when approaching the southwest corner; yet he chose to enter an area obviously not intended for pedestrian or vehicular traffic. His use of this path was neither by mistake nor deviation, but rather by intention and purpose. Hnder such circumstances, the claimant is at best a bare licensee or at worst, a trespasser, and the duty owed to him by the defendant is measured in such terms (Pendino v. State of New York, 196 Misc. 184), i.e., that the defendant shall not maintain his land so as to intentionally create a dangerous condition, snare or trap and shall refrain from affirmatively acting tortiously towards one who is innocently thereon. Such conduct was not manifested by this defendant and consequently it breached no duty owing to the claimant. Without the presence of a duty to be breached, there can be no actionable negligence.
The court finds that the claimants have failed to establish the negligence of the defendant by a fair preponderance of the evidence and the claim is therefore dismissed.